■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. NEWTON JR., Appellant. [819 NYS2d 132]—

Peters, J. Appeals (1) from a judgment of the County Court of Broome County (Mathews, J.), rendered March 5, 2004, upon a verdict convicting defendant of the crime of sodomy in the third degree, and (2) from a judgment of said court, rendered March 5, 2004, which revoked defendant's probation and imposed a sentence of imprisonment.

In March 2003, defendant was indicted for the crimes of sodomy in the first degree, sexual abuse in the first degree and sodomy in the third degree, arising out of his contact with a 19-year-old male.[1] After a jury trial, defendant was convicted of the crime of sodomy in the third degree.[2] Thereafter, he pleaded guilty to a violation of probation arising out of a January 2000 conviction.

Defendant's sole challenge on appeal concerns the denial of his request for a charge to the jury on the issue of intoxication pertaining to that count of the indictment charging him with sodomy in the third degree. Notably, County Court instructed the jury that it could consider the issue of intoxication in connection with the first degree sodomy count but not in connection with the third degree sodomy count because, unlike the first degree charge, that crime lacks a specific intent element. We agree. An intoxication charge may only be offered by a defendant when it may negate a specific element of the crime charged (*see* Penal Law § 15.25; *People v Koerber*, 244 NY 147, 151 [1926]; *People v Orr*, 43 AD2d 836, 836 [1974], *affd* 35 NY2d 829 [1974]). As sodomy in the third degree is a general intent crime, County Court properly denied his request.

---

1. Subsequent to defendant's indictment, Penal Law §§ 130.40 and 130.50 were amended (*see* L 2003, ch 264, §§ 18, 20). While the word "sodomy" has been replaced by the term "criminal sexual act," the substantive definitions of each crime remained unchanged.

2. The count charging sexual abuse was dismissed earlier.

Mercure, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgments are affirmed.