■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC DANTZLER, Appellant. [881 NYS2d 222]—

---

Stein, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered November 5, 2007, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

Defendant was charged in a two-count indictment stemming from his participation in an armed robbery of a jewelry store in the Town of Union, Broome County. In full satisfaction of the indictment, defendant pleaded guilty to the crime of robbery in the first degree and was sentenced pursuant to the plea agreement to a term of imprisonment of five years to be followed by five years of postrelease supervision. Defendant now appeals and we affirm.

Defendant's contentions that his plea was not voluntarily or knowingly entered and that he was denied the effective assistance of counsel are not preserved for our review given his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Creech*, 56 AD3d 899, 900 [2008]; *People v Sorey*, 55 AD3d 1063, 1064 [2008], *lv denied* 11 NY3d 930 [2009]; *People v Johnson*, 54 AD3d 1133, 1134 [2008]; *People v Barclay*, 1 AD3d 705, 705 [2003], *lv denied* 1 NY3d 567 [2003]). With regard to the plea, "the narrow exception to the preservation rule is inapplicable inasmuch as defendant did not make any statements during his plea allocution which negated an essential element of the crime or otherwise cast significant doubt on his guilt" (*People v Wright*, 40 AD3d 1314, 1314 [2007]). Even if defendant's arguments were preserved, they are without merit.

We note, in particular, that County Court's acceptance of defendant's guilty plea without holding a CPL article 730 hearing to determine his competency was not an abuse of discretion. Despite psychiatric determinations finding defendant incompetent approximately three months earlier, the most recent psychiatric evaluations—conducted after he had been consistently taking medication—resulted in findings that he was competent to stand trial. In addition, County Court had the opportunity to observe defendant at the time of his plea and the record reflects that defendant's responses to the court's questions both prior to entering his plea and during the plea colloquy itself indicated a complete understanding of the nature of the proceedings and

his ability to participate in his own defense. Moreover, defendant did not make any request for a hearing after completion of the second set of evaluations finding him competent. Under these circumstances, County Court was not required to conduct a hearing (*see* CPL 730.30 [2]; *People v Harrison*, 52 AD3d 969, 970 [2008], *lv denied* 11 NY3d 737 [2008]; *People v Barclay*, 1 AD3d at 706). Similarly, there is nothing in the record to persuade us that we should exercise our interest of justice jurisdiction (*see* CPL 470.15) to reverse defendant's conviction based upon the quality of counsel's representation.

Cardona, P.J., Mercure, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.