■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNEY DIXON, Appellant. [886 NYS2d 838]—

Cardona, P.J. Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered May 7, 2008, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of a multicount indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal. According to the plea agreement, defendant would be sentenced to five years in prison followed by two years of postrelease supervision; however, he would be permitted to withdraw his plea in the event the sentence imposed in a pending criminal matter in Washington County did not run concurrently with the proposed sentence in the instant matter. Thereafter, based upon the consecutive nature of the sentence imposed in Washington County, the instant sentence was renegotiated and defendant was sentenced to a prison term of seven years—to run concurrently with the Washington County sentence—followed by two years of postrelease supervision.

Initially, we are unpersuaded by defendant's contention that his waiver of the right to appeal was invalidated by the renegotiation of the instant sentence. The record belies defendant's contention that he withdrew his plea of guilty inasmuch as the sentencing minutes specify that defendant was "not looking to withdraw the plea."

Although defendant's challenge to the voluntariness of the plea is not precluded by the waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]), his contention that his plea was not knowing, voluntary and intelligent is not preserved for our review inasmuch as he did not move to withdraw his plea or vacate the judgment of conviction (*see People v Lopez*, 295 AD2d 701, 701 [2002]). To the extent that his claim of inef-

fective assistance of counsel survives the appeal waiver, it is similarly unpreserved (*see People v Anderson*, 63 AD3d 1191, 1193 [2009]).

Finally, the appeal waiver precludes defendant's challenge to the severity of the sentence imposed (*see People v Platero*, 63 AD3d 1446, 1446 [2009]; *People v Tabbott*, 61 AD3d 1183, 1184 [2009], *lv denied* 13 NY3d 750 [2009]).

Peters, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.