■ The People of the State of New York, Respondent, v James A. Jenks, Appellant. [891 NYS2d 766]—

McCarthy, J.

Defendant pleaded guilty to one count of criminal sexual act in the third degree—the top count in a seven-count indictment—and was sentenced as a second felony offender to a prison term of 2 to 4 years. Defendant claims that the record fails to demonstrate a knowing, voluntary and intelligent plea and waiver of his right to appeal. We disagree.

Initially, we note that defendant's failure to move to withdraw his plea or vacate the judgment of conviction renders his challenge to the voluntariness and facial sufficiency of his plea, as well as his claim of ineffective assistance of counsel, unpreserved for our review (*see People v Smith*, 57 AD3d 1237, 1237 [2008]). Moreover, the record contains no actions or statements by defendant that were inconsistent with his guilt (*cf. People v Ramirez*, 42 AD3d 671, 672 [2007]). In any event, defendant's claims lack merit. Defendant's counsel placed the terms of the plea and the bargained-for sentence on the record and defendant acknowledged his understanding of the plea agreement. Defendant's affirmative responses to County Court's explanation of the elements of the crime to which he was pleading guilty and the rights that he was and was not waiving (*see People v Quaye*, 52 AD3d 1021, 1022 [2008], *lv denied* 11 NY3d 834 [2008]), as well as defendant's execution of a written waiver of the right to appeal (*see People v Ramos*, 7 NY3d 737, 738 [2006]), evince his full comprehension of the terms of his guilty plea and appeal waiver. There was no requirement for the court to "specifically enumerate all the rights to which the defendant was entitled" (*People v Harris*, 61 NY2d 9, 16 [1983]; *see People v Williams*, 35 AD3d 971, 972 [2006], *lv denied* 8 NY3d 928 [2007]).

County Court properly inquired whether the medication that defendant was taking affected his ability to understand the plea proceedings in any way. Defendant denied any impairment and nothing in the record casts doubt on his understanding (*see People v Kaszubinski*, 55 AD3d 1133, 1135 [2008], *lv denied* 12 NY3d 855 [2009]; *People v Romano*, 45 AD3d 910, 915 [2007], *lv denied* 10 NY3d 770 [2008]; *People v McCann*, 289 AD2d 703, 704 [2001]). County Court was not required to explore defendant's prior mental health history where nothing in the record of the plea proceedings suggested any impairment of defendant's ability to understand the proceedings (*see People v Davenport*, 58 AD3d 892, 894 [2009], *lv denied* 12 NY3d 782 [2009]; *People*

*v Poquee,* 9 AD3d 781, 783 [2004], *lv denied* 3 NY3d 741 [2004]; *People v Daley,* 302 AD2d 745, 746 [2003]). For the same reason, defendant's claim of ineffective assistance of counsel, based on counsel's failure to inquire or request an examination into defendant's competency, is unavailing. Nothing in the record suggests that counsel should have had any doubts as to defendant's capacity to understand the plea proceedings.

At sentencing, defendant claimed that he was misled regarding the age of the victim, contradicting his admission during the plea proceedings that he knew the victim was less than 17 years old at the time that he had oral sex with her. He also claimed that he would not have engaged in the conduct if he had not been intoxicated. Defendant now claims that these statements imposed a duty upon County Court to inquire as to whether he knew and understood that he was waiving a possible defense. Neither of the statements raises a possible defense. Criminal sexual act in the third degree does not have a specific intent element (*see* Penal Law § 130.40 [2]; *see also People v Newton,* 30 AD3d 896, 896 [2006], *affd* 8 NY3d 460 [2007]), therefore defendant's intoxication or misunderstanding of the victim's age did not present any defense for defendant to waive. In sum, nothing in the record suggests that defendant's waiver of appeal and guilty plea were anything other than knowingly, intelligently and voluntarily made.

Defendant's challenge to the sentence imposed as harsh and excessive as well as his challenges to testimony received at sentencing from his daughter and the order of protection issued in her favor are not preserved for our review. Were we to consider these arguments, we would find them to be without merit.

Cardona, P.J., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.