■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSELITO GOMEZ, Appellant. [899 NYS2d 435]—

Egan Jr., J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered September 18, 2007, convicting defendant upon his plea of guilty of the crime of attempted bribery in the third degree.

Defendant, a prison inmate, was charged with bribery in the third degree and promoting prison contraband in the second degree. Pursuant to a plea agreement, defendant waived his right to appeal and pleaded guilty to attempted bribery in the third degree in satisfaction of the charges. Defendant was there-

after sentenced as a second felony offender to the agreed-upon term of 1½ to 3 years in prison, with the sentence to be served consecutively to the one he was then serving for murder in the second degree. Defendant now appeals.

We affirm. Initially, as defendant did not move to withdraw his plea or to vacate the judgment of conviction, his claims that his plea was not voluntarily entered and that he was denied the effective assistance of counsel are not preserved for our review (*see People v Dixon*, 66 AD3d 1237, 1237 [2009], *lv denied* 13 NY3d 906 [2009]; *People v Dantzler*, 63 AD3d 1376, 1377 [2009]). In any event, we would find, based upon our review of the transcript of the plea proceedings, that defendant's guilty plea was entered knowingly, voluntarily and intelligently. Although defendant informed County Court that he was taking prescription medication at the time of his plea, the court properly inquired as to whether the medication impaired his ability to understand the proceedings. Defendant's responses established that defendant understood his rights, the terms of the plea agreement and the nature of the proceedings and that the medication did not affect his ability to render a knowing and voluntary plea (*see People v Perry*, 50 AD3d 1244, 1245 [2008], *lv denied* 10 NY3d 963 [2008]; *People v Dalton*, 47 AD3d 1010, 1011 [2008]; *People v Johnson*, 243 AD2d 997, 998 [1997], *lv denied* 91 NY2d 927 [1998]). Further, the fact that the medication was apparently used to treat a mental illness did not compel County Court to conduct a CPL article 730 hearing to determine defendant's competency prior to accepting his plea. "A trial court is not required to hold a CPL article 730 hearing simply because a defendant has a history of mental illness, and such history does not necessarily render a defendant incompetent to enter a knowing and voluntary plea" (*People v Barclay*, 1 AD3d 705, 706 [2003] [citations omitted], *lv denied* 1 NY3d 567 [2003]). In light of defendant's responses to the court's inquiries as to his ability to understand the proceedings, we find no abuse of discretion in the court's acceptance of the plea without holding a competency hearing (*see People v Harrison*, 52 AD3d 969, 970 [2008], *lv denied* 11 NY3d 737 [2008]; *People v Kron*, 8 AD3d 908, 909 [2004], *lv denied* 3 NY3d 758 [2004]; *People v Barclay*, 1 AD3d at 706). For the same reasons, defendant's claim of ineffective assistance of counsel, based upon counsel's failure to request a competency hearing, is also unavailing (*see People v Gambaccini*, 2 AD3d 1065, 1066 [2003], *lv denied* 2 NY3d 739 [2004]). Petitioner's remaining contentions have been examined and found to be without merit.

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.