■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. COONS, Appellant. [901 NYS2d 406]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Sise, J.), rendered January 9, 2009 in Schenectady County, convicting defendant upon his plea of guilty of the crime of burglary in the third degree (three counts).

Defendant was charged with various crimes in three separate indictments. In May 2008, following the People's successful motion to consolidate the indictments, defendant agreed to plead guilty to three counts of burglary in the third degree. In June 2008, when the presentence investigation report indicated that defendant had apparently attempted suicide during an interview with a probation officer, Supreme Court adjourned sentencing and ordered a competency examination pursuant to CPL article 730. As a result of that examination, defendant was found to be an incapacitated person by both examining psychiatrists. Neither party requested a CPL article 730 competency hearing at that time and defendant was thereafter remanded to a mental health facility for treatment. In November 2008, defendant was found to be fit to proceed and, in January 2009, after reaffirming his guilty plea, defendant was sentenced pursuant to the plea agreement as a persistent felony offender to a prison term of 15 years to life. Defendant now appeals.

We affirm. Defendant's sole claim on appeal is that, inasmuch as he was found to be incompetent subsequent to the date of his plea, he should be presumed to have been incompetent at the time of his plea and, therefore, Supreme Court erred in accepting the plea without ordering a CPL article 730 competency hearing. Initially, we note that as defendant's claim challenges the voluntariness of his plea, it is not preserved for our review due to his failure to move to withdraw his plea or vacate his judgment of conviction (see People v Dantzler, 63 AD3d 1376, 1377 [2009], lv denied 14 NY3d 799 [2010]; People v Sorey, 55 AD3d 1063, 1064 [2008], lv denied 11 NY3d 930 [2009]). Moreover, the narrow exception to the preservation requirement is inapplicable here as defendant made no statements during allocution that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Bethel, 69 AD3d 1126, 1127 [2010]).

In any event, regarding defendant's competency, it is well

settled that "[a] defendant is presumed to be competent and is not entitled, as a matter of law, to a competency hearing unless the court has reasonable grounds to believe that, because of mental disease or defect, the defendant is incapable of assisting in his or her own defense or of understanding the proceedings against him [or her]" (*People v Planty*, 238 AD2d 806, 807 [1997], *lv denied* 89 NY2d 1098 [1997]; *accord People v Trotter*, 28 AD3d 947, 948 [2006], *lv denied* 7 NY3d 764 [2006]). Based upon our review of the record, we find that defendant actively participated in his own defense and, although he stated that he was taking various medications for mental illness at the time of his plea, Supreme Court confirmed that the medications did not affect his ability to understand the proceedings and the record does not reflect that defendant lacked the capacity to enter a knowing and voluntary plea (*see People v Sorey*, 55 AD3d at 1064). Further, a determination that defendant was incapacitated subsequent to his plea is not evidence that defendant was incapacitated at the time of his plea (*see generally People v Gelikkaya*, 84 NY2d 456, 459-460 [1994]; *People v Pena*, 251 AD2d 26, 30-31 [1998]). As there is nothing in the record to indicate that defendant lacked the capacity to enter a knowing and voluntary guilty plea, we conclude that Supreme Court did not abuse its discretion in accepting the plea without ordering a CPL article 730 competency hearing. Finally, we note that once defendant was found to be fit to proceed, he did not request a CPL article 730 competency hearing or move to withdraw his guilty plea; rather, he reaffirmed his plea prior to sentencing.

Cardona, P.J., Mercure, Malone Jr. and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.