■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN R. AMIDON, Appellant. [912 NYS2d 158]—

Peters, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered June 5, 2008, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

After beating his then-girlfriend to death, defendant was charged with murder in the second degree, manslaughter in the first degree and assault in the first degree. Pursuant to a negotiated plea agreement, he pleaded guilty to manslaughter in the first degree in full satisfaction of the indictment and waived his right to appeal. County Court sentenced him to the agreed-upon prison term of 20 years followed by five years of postrelease supervision. Defendant appeals, and we affirm.

Defendant contends that, because the record fails to sufficiently establish that the medication he was taking did not affect his ability to understand the plea proceedings, his guilty plea was not knowing, intelligent and voluntary. As defendant did not move to withdraw his plea or vacate the judgment of conviction, this issue is unpreserved for our review (*see People v Coons*, 73 AD3d 1343, 1344 [2010], *lv denied* 15 NY3d 803 [2010]; *People v Gomez*, 72 AD3d 1337, 1338 [2010]). In any event, it lacks merit. County Court explained to defendant the ramifications of pleading guilty, including the many rights that he would forfeit by doing so, and defendant clearly and unequivocally communicated his understanding. Defendant acknowledged committing the acts comprising the elements of the crime and affirmed that he wished to plead guilty and was doing so of his own free will. When defendant indicated that he had taken prescription medication on the night prior to the plea, County Court thoroughly inquired as to whether the medication impaired his ability to understand the proceedings. Defendant affirmatively denied any impairment and nothing in the record casts doubt upon his understanding (*see People v Glynn*, 73 AD3d 1290, 1290-1291 [2010]; *People v Gomez*, 72 AD3d at 1338; *People v Perry*, 50 AD3d 1244, 1245 [2008], *lv denied* 10 NY3d 963 [2008]). Inasmuch as the allocution as a whole demonstrates that defendant fully comprehended the nature of his plea and its consequences, and nothing suggests that the medication impaired him in any way, we reject defendant's argument that the court was required to inquire further with regard to possible effects of the medication (*see People v Jenks*, 69 AD3d 1120, 1121 [2010], *lv denied* 14 NY3d 841 [2010]; *People v Romano*, 45 AD3d 910, 915 [2007], *lv denied* 10 NY3d 770 [2008]; *People v McCann*, 289 AD2d 703, 704 [2001]). Thus, we would find that defendant's plea was knowingly, voluntarily and intelligently made.

Defendant's argument that he received ineffective assistance of counsel due to counsel's failure to advise him of the time within which to file an appeal is unpreserved and, in any event, without merit in the absence of any showing of prejudice (*see*

*People v Rowe*, 284 AD2d 796 [2001], *lv denied* 97 NY2d 643 [2001]). Finally, defendant's challenge to the severity of the bargained-for sentence is precluded by his valid waiver of the right to appeal (*see People v Gentry*, 68 AD3d 1353, 1355 [2009], *lv denied* 14 NY3d 800 [2010]; *People v Dixon*, 66 AD3d 1237, 1238 [2009], *lv denied* 13 NY3d 906 [2009]). Defendant's remaining contentions have been reviewed and found unavailing.

Mercure, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.