■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY MCFARREN, Appellant. [921 NYS2d 391]—

Peters, J.P. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered July 17, 2009, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In a four-count indictment returned against defendant and a codefendant, defendant was charged with criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. Pursuant to a plea agreement, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and waived his right to appeal. County Court thereafter sentenced defendant to the agreed-upon sentence of three years in prison, to be followed by three years of postrelease supervision. Defendant now appeals and we affirm.

Defendant's contention that his plea was not voluntarily, knowingly and intelligently entered due to mental incompetency survives his waiver of the right to appeal but is unpreserved for our review due to his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Coons*, 73 AD3d 1343, 1344 [2010], *lv denied* 15 NY3d 803 [2010]; *People v Dantzler*, 63 AD3d 1376, 1377 [2009], *lv denied* 14 NY3d 799 [2010]). Moreover, defendant did not make any statements during the allocution that negated an essential element of the crime or otherwise cast doubt upon his guilt so as to trigger the exception to the preservation requirement (*see People v McKenzie*, 66 AD3d 1056, 1057 [2009]; *People v Dixon*, 62 AD3d 1214, 1214

[2009], *lv denied* 13 NY3d 743 [2009]). In any event, the record does not reflect that defendant lacked the capacity to enter a voluntary, knowing and intelligent plea. Although defendant informed County Court that he had previously suffered a brain injury in a motor vehicle accident, the court confirmed that defendant understood the proceedings and was able to clearly communicate with counsel, and he affirmed that there was nothing mentally or physically compromising his ability to enter a knowing plea. Accordingly, we would also conclude that County Court did not abuse its discretion by accepting defendant's plea without holding a CPL article 730 competency hearing (*see People v Sorey*, 55 AD3d 1063, 1064 [2008], *lv denied* 11 NY3d 930 [2009]).

Defendant's claim that he was deprived of the effective assistance of counsel by counsel's failure to request a CPL article 730 competency hearing, although not precluded by his appeal waiver as it relates to the voluntariness of his plea, is similarly unpreserved for our review due to his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Glynn*, 73 AD3d 1290, 1291 [2010]; *People v Dobrouch*, 59 AD3d 781, 781 [2009], *lv denied* 12 NY3d 853 [2009]). Inasmuch as there is nothing in the record to indicate to counsel that defendant lacked the capacity to understand the proceedings, we would find defendant's claim to be unavailing (*see People v Lafoe*, 75 AD3d 663, 664 [2010], *lv denied* 15 NY3d 953 [2010]; *People v Jenks*, 69 AD3d 1120, 1122 [2010], *lv denied* 14 NY3d 841 [2010]). Finally, defendant's contention that his sentence was harsh and excessive is precluded by his appeal waiver (*see People v Peterkin*, 77 AD3d 1017, 1018 [2010]).

Spain, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.