■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP C. CAMPBELL, Appellant. [932 NYS2d 583]—

Garry, J.

In September 2009, defendant was arrested for selling over two ounces of cocaine to an undercover police operative. Thereafter, in satisfaction of a two-count indictment, defendant pleaded guilty to one count of criminal sale of a controlled substance in the first degree. Pursuant to the plea bargain, defendant was sentenced to a term of eight years, followed by five years of postrelease supervision. This appeal followed.

We affirm. Initially, in light of defendant's failure to move to withdraw his plea or vacate the judgment of conviction, his claims that his plea was not knowingly, intelligently and voluntarily entered and that he was denied the effective assistance of counsel are not preserved for our review (*see People v Henry*, 73 AD3d 1391, 1392 [2010]; *People v Gomez*, 72 AD3d 1337, 1338 [2010]; *People v Gorrell*, 63 AD3d 1381, 1381 [2009], *lv denied* 13 NY3d 744 [2009]). Further, the narrow exception to the preservation requirement is not applicable herein as defendant did not make any statements during the plea allocution that raised any doubt as to his guilt or tended to negate a material element of the crime (*see People v Gantt*, 84 AD3d 1642, 1643 [2011]). Although defendant did state that he had taken some prescription antidepressant medication prior to the plea, upon questioning by the court, defendant denied that this impaired his ability

to understand the proceedings (*see People v Amidon*, 79 AD3d 1158, 1159 [2010], *lv denied* 16 NY3d 741 [2011]; *People v Lafoe*, 75 AD3d 663, 663-664 [2010], *lv denied* 15 NY3d 953 [2010]). Defendant's further claim that County Court failed to uphold an alleged promise to consider possible drug programs or alternative sentencing is not supported by the record (*see People v Chaney*, 70 AD3d 1251, 1252 [2010], *lv denied* 15 NY3d 748 [2010]).

We reject defendant's contention that his sentence is harsh and excessive. Defendant's determinate sentence was the minimum available upon his conviction of the A-1 felony of criminal sale of a controlled substance in the first degree (*see* Penal Law § 70.71 [2] [b] [i]; § 220.43), and thus this claim lacks merit (*see People v Moran*, 69 AD3d 1055, 1056 [2010]).

Defendant's remaining arguments, to the extent not specifically addressed above, have been examined and found to be unpersuasive.

Spain, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.