(March 15, 2012)

■ The People of the State of New York, Respondent, v Colleen M. Shiels, Appellant. [939 NYS2d 895]—

Spain, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 2, 2010, convicting defendant upon her plea of guilty of the crime of attempted assault in the first degree.

Defendant was charged with attempted murder in the second degree and assault in the first degree, stemming from the stabbing of her ex-husband in the chest. Pursuant to a plea agreement, defendant pleaded guilty to attempted assault in the first degree in full satisfaction of the charges. County Court thereafter sentenced defendant to the agreed-upon prison term of 13½ years, to be followed by five years of postrelease supervision. Defendant appeals.

We affirm. Defendant's contention that she was denied the effective assistance of counsel is not preserved for our review in light of her failure to move to withdraw her plea or vacate the judgment of conviction (*see People v Gomez*, 72 AD3d 1337, 1338 [2010]; *People v Gorrell*, 63 AD3d 1381, 1381 [2009], *lv denied* 13 NY3d 744 [2009]). In any event, were we to review this claim, we would find it to be unavailing. Given the lack of anything in the limited record before us to indicate that counsel

should have had doubts concerning defendant's ability to enter a knowing and voluntary plea, the fact that counsel did not request a CPL article 730 competency hearing did not deprive defendant of the effective assistance of counsel (*see People v Gomez*, 72 AD3d at 1338; *People v Jenks*, 69 AD3d 1120, 1122 [2010], *lv denied* 14 NY3d 841 [2010]), despite evidence in the record that defendant has a history of mental illness (*see People v Lafoe*, 75 AD3d 663, 663 [2010], *lv denied* 15 NY3d 953 [2010]; *People v Barclay*, 1 AD3d 705, 706 [2003], *lv denied* 1 NY3d 567 [2003]). Moreover, defendant's assertions that counsel failed to investigate her mental health history and potential defenses involve matters outside the record and are more properly the subject of a CPL article 440 motion (*see People v Pendelton*, 81 AD3d 1037, 1039 [2011], *lv denied* 16 NY3d 898 [2011]; *People v Watson*, 61 AD3d 1217, 1218 [2009], *lv denied* 12 NY3d 930 [2009]).

Mercure, A.P.J., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.