■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOANNE MATTISON, Appellant. [941 NYS2d 528]—Egan Jr., J. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered July 6, 2010, convicting defendant upon her plea of guilty of the crime of manslaughter in the first degree.

In December 2009, defendant was indicted and charged with murder in the second degree, manslaughter in the first degree and criminal possession of a weapon in the third degree in connection with the stabbing death of the victim. Counsel served notice of intent to proffer psychiatric evidence and, at the People's request, County Court ordered a CPL article 730 examination. After interviewing defendant, the evaluating psychiatrist concluded that while defendant was mentally ill, she "was not suffering from a mental disease or defect that caused her to lack substantial capacity to know or appreciate either the nature and consequences of her conduct or that her conduct was wrong." Shortly thereafter, defendant pleaded guilty to manslaughter in the first degree and, in conjunction therewith, executed a written waiver of the right to appeal. Following a presentencing hearing, defendant was sentenced to 22 years in prison followed by five years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's assertion that she was not competent to enter a guilty plea, as well as her related claim that County Court erred in accepting her plea without conducting a competency hearing, impact the voluntariness of her plea and, hence, survive her unchallenged oral and written waivers of the right to appeal; however, these issues are unpreserved for our review in light of defendant's failure to move to withdraw her plea or vacate the judgment of conviction (*see People v McFarren*, 83 AD3d 1209, 1209 [2011], *lv denied* 17 NY3d 860 [2011]; *People v Budwick*, 82 AD3d 1447, 1448 [2011], *lv denied* 17 NY3d 857 [2011]; *People v Stoddard*, 67 AD3d 1055, 1055 [2009], *lv denied* 14 NY3d 806 [2010]). Moreover, the narrow exception to the preservation requirement was not triggered here, as defendant did not make any statements during the plea colloquy that were inconsistent with her guilt or otherwise called into question the voluntariness of her plea (*see People v Rought*, 90 AD3d 1247, 1248 [2011]; *People v McFarren*, 83 AD3d at 1209; *People v Coons*, 73 AD3d 1343, 1344 [2010], *lv denied* 15 NY3d 803 [2010]). Finally, defendant's waiver of the right to appeal precludes her current challenge to County Court's suppression rulings (*see People v Moreno,* 86 AD3d 863, 864 [2011], *lv denied* 17 NY3d 954 [2011]; *People v White*, 75 AD3d 837, 838 [2010], *lv denied* 15 NY3d 925 [2010]), as well as her assertion that the sentence imposed was harsh and excessive (*see People v Taylor*, 89 AD3d 1143, 1144 [2011]; *People v Richardson*, 83 AD3d 1290, 1292 [2011], *lv denied* 17 NY3d 821 [2011]). Defendant's remaining contentions have been examined and found to be lacking in merit.

Peters, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.