Stein, J.E
Appeal from a judgment of the Supreme Court (Lamont, J.), rendered August 11, 2011 in Albany County, convicting defendant upon his plea of guilty of the crime of assault in the first degree.
Defendant was charged in a 10-count superseding indictment with, among other things, kidnapping in the first and second degrees, attempted murder in the second degree and assault in the first degree (two counts) stemming from an incident wherein he brutally attacked his wife, struck her head on a hard surface and inflicted significant injuries. Defendant ultimately accepted an offer by the People and pleaded guilty to one count of assault in the first degree, in full satisfaction of the superseding indictment, and waived his right to appeal the conviction and sentence. He was subsequently sentenced, in accord with the plea agreement, to a prison term of 19 years, plus five years of postrelease supervision. Defendant now appeals, and we affirm.
The essence of defendant’s claims on appeal is that, as a result of his various mental health conditions, he was not competent to plead guilty and his counsel was ineffective for failing to recognize this incompetency and request a competency hearing. He further argues that Supreme Court should not have accepted his plea without such hearing and that, because his plea was not knowingly, voluntarily and intelligently entered, his judgment of conviction should be vacated. For the reasons that follow, defendant’s arguments are unavailing.
Initially, we reject defendant’s challenge to his appeal waiver. The record of the plea colloquy confirms that Supreme Court *1194 distinguished the right to appeal from the rights automatically forfeited upon a guilty plea and explained the consequences of defendant’s plea. Additionally, defendant executed a written waiver in court and verbally acknowledged discussing the waiver with counsel and that he understood that he was voluntarily relinquishing this right. We are also unpersuaded by defendant’s claim that his mental health issues interfered with his ability to effectively waive his right to appeal. Under these circumstances, we are satisfied that defendant validly waived his right to appeal his conviction and sentence (see People v Campbell, 114 AD3d 996, 997 [2014]; People v Newton, 113 AD3d 1000, 1001 [2014]; People v Budwick, 82 AD3d 1447, 1448 [2011], lv denied 17 NY3d 857 [2011]).
While defendant’s further claims—that he was not mentally competent to enter a plea and that his counsel was ineffective for failing to request a competency hearing—survive his appeal waiver because they impact the voluntariness of his plea (see People v McFarren, 83 AD3d 1209, 1210 [2011], lv denied 17 NY3d 860 [2011]), defendant did not preserve them by a proper postallocution motion (see People v Shiels, 93 AD3d 992, 992 [2012]; People v Borden, 91 AD3d 1124, 1125 [2012], lv denied 19 NY3d 862 [2012]; People v McFarren, 83 AD3d at 1210; People v Budwick, 82 AD3d at 1448; People v Coons, 73 AD3d 1343, 1344 [2010], lv denied 15 NY3d 803 [2010]; People v Gomez, 72 AD3d 1337, 1338 [2010]). Moreover, the narrow exception to the preservation requirement was not implicated, as defendant did not make any statements during the plea colloquy that cast doubt on his guilt or otherwise called into question the voluntariness of his plea (see People v Borden, 91 AD3d at 1125; People v Coons, 73 AD3d at 1344).
In any event, were the claims properly before us, we would find them to be without merit. Defendant’s history of mental illness, alone, did not necessarily render him incompetent to enter a knowing and voluntary plea or require Supreme Court to hold a CPL article 730 hearing (see People v Gomez, 72 AD3d at 1338). Moreover, in response to Supreme Court’s inquiry during the plea colloquy, defendant confirmed that he understood the proceedings and denied having any physical, mental or emotional illness or having taken any medication that interfered with his ability to understand what was occurring. Nor do we discern any indication from the record that defendant suffered from a mental defect that impacted the voluntariness of his plea *1195 (see People v Shiels, 93 AD3d at 993; People v Coons, 73 AD3d at 1345; People v Gomez, 72 AD3d at 1338).*
Defendant’s contention that counsel was ineffective for failing to procure a more advantageous sentence does not impact on the voluntariness of his plea and, therefore, is precluded by his valid appeal waiver (see People v Young, 100 AD3d 1186, 1189 [2012], lv denied 21 NY3d 1021 [2013]; People v Whitehead, 73 AD3d 1340, 1341 [2010], lv denied 15 NY3d 779 [2010]), as is his assertion that his sentence was harsh and excessive (see People v Campbell, 114 AD3d at 997; People v Newton, 113 AD3d at 1001; People v Graves, 113 AD3d 998, 999 [2014]). To the extent not specifically addressed herein, we find defendant’s remaining contentions to be without merit.
McCarthy, Rose and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed.

 Prior to entering his plea, defendant’s counsel requested a mental health evaluation of defendant. The psychiatrist who performed such evaluation concluded that defendant had the capacity to proceed with the criminal action.