### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  October 30, 2014                    105977
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

JOSEPH GUYETTE,
                        Appellant.
_____

Calendar Date:   September 5, 2014

Before:  Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

                        _____


        Barrett D. Mack, Albany, for appellant.

        Karen A. Heggen, Acting District Attorney, Ballston Spa
(Ann C. Sullivan of counsel), for respondent.

                        _____


Egan Jr., J.

        Appeal from a judgment of the County Court of Saratoga
County (Scarano, J.), rendered March 25, 2013, convicting
defendant upon his plea of guilty of the crimes of promoting a
sexual performance by a child (10 counts) and possessing a sexual
performance by a child (10 counts).

        In full satisfaction of a 74-count indictment (as well as
any additional charges stemming from the images seized from
defendant's residence in April 2011), defendant pleaded guilty to
10 counts of promoting a sexual performance by a child and 10
counts of possessing a sexual performance by a child and waived
his right to appeal.  County Court denied defendant's subsequent
request to redact certain information from the presentence
investigation report and sentenced defendant to the agreed-upon

prison term of 1 to 3 years on each count – said sentences to run concurrently.  Defendant now appeals.

To the extent that defendant contends that his waiver of the right to appeal was invalid, we disagree.  A review of the plea colloquy reveals that County Court explained the separate and distinct nature of such waiver and, further, confirmed that defendant understood the written waiver that he executed following consultation with counsel.  Accordingly, we conclude that defendant's waiver of the right to appeal his conviction and sentence was knowing, intelligent and voluntary (see People v Munger, 117 AD3d 1343, 1343 [2014], lv denied 23 NY3d 1040 [2014]; People v Fligger, 117 AD3d 1343, 1344 [2014], lv denied 23 NY3d 1061 [2014]; People v Graves, 113 AD3d 998, 999 [2014], lv denied 23 NY3d 1037 [2014]).  In light of defendant's valid waiver, he is precluded from challenging County Court's suppression and Molineux rulings (see People v Lopez, 118 AD3d 1190, 1190 [2014]; People v Mattison, 94 AD3d 1157, 1158 [2012]), as well as County Court's denial of his application to redact certain statements and information from the presentence investigation report (see People v Abdul, 112 AD3d 644, 645 [2013], lv denied 22 NY3d 1136 [2014]; People v Moquette, 200 AD2d 854, 854 [1994], lv denied 83 NY2d 874 [1994]).

Although defendant's challenge to the voluntariness of his plea survives his valid waiver of appeal, this issue nonetheless is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Dozier, 115 AD3d 1001, 1001 [2014]; People v Sylvan, 107 AD3d 1044, 1045 [2013], lv denied 22 NY3d 1141 [2014]).[1]  Moreover, the narrow exception to the preservation requirement was not implicated here, as defendant did not make any statements during his plea allocution that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Hare, 110 AD3d 1117, 1117 [2013]; People v Revette, 102 AD3d 1065, 1066 [2013]).  In any event, defendant's present claim – that he is "borderline

---

[1]  The letter authored by defendant's father seeking to withdraw defendant's plea fails to constitute an appropriate postallocution motion.

mentally retarded" — finds no support in the record. Notably, defendant expressly denied taking "any kind of drugs or medication" or "suffering from any kind of illness that would make it difficult for [him] to understand what [was] being said" during the plea colloquy, and our review of the record fails to disclose any indication that defendant suffered from an intellectual impairment that impacted the voluntariness of his plea (cf. People v Chavis, 117 AD3d 1193, 1194 [2014]; People v Rought, 90 AD3d 1247, 1248 [2011], lv denied 18 NY3d 962 [2012]).

Finally, although defendant now contends that counsel failed to properly advance and document his asserted intellectual impairments, this claim implicates matters outside the record and, as such, is more properly considered in the context of a CPL article 440 motion (cf. People v McCray, 96 AD3d 1160, 1161 [2012], lv denied 19 NY3d 1104 [2012]; People v Watson, 61 AD3d 1217, 1218 [2009], lv denied 12 NY3d 930 [2009]). The balance of defendant's ineffective assistance of counsel claim — to the extent that it impacts upon the voluntariness of his plea — survives defendant's waiver of the right to appeal but is similarly unpreserved in the absence of an appropriate postallocution motion (see People v Lazore, 102 AD3d 1017, 1017-1018 [2013]; People v Benson, 100 AD3d 1108, 1109 [2012]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Stein, J.P., McCarthy, Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court