*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 4, 2014                105665
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

EDWARD AGRUSTI,
                    Appellant.
_____

Calendar Date:   October 8, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Lynch, JJ.

_____

        Brian M. Callahan, Schenectady, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Gerald A.
Dwyer of counsel), for respondent.

_____

Garry, J.

        Appeal from a judgment of the County Court of Schenectady
County (Drago, J.), rendered January 8, 2013, convicting
defendant upon his plea of guilty of the crime of criminal
possession of a forged instrument in the third degree.

        Defendant pleaded guilty to one count of criminal
possession of a forged instrument in the third degree in
satisfaction of a four-count indictment stemming from an incident
in which he attempted to pass a forged check.  The plea agreement
included the waiver of defendant's right to appeal.

        Defendant appeals, arguing that he lacked the competency to
enter his plea, and that County Court erred in failing to order a

second competency hearing prior to accepting his plea.[1]  As it implicates the voluntariness of the plea, this argument is not foreclosed by defendant's appeal waiver; it is, however, unpreserved, as defendant did not seek relief by means of an appropriate postallocution motion (see People v Chavis, 117 AD3d 1193, 1194 [2014]; People v Mattison, 94 AD3d 1157, 1158 [2012]). Nor do we find the narrow exception to the preservation requirement to be applicable here, as defendant did not make any statements during his plea allocution that would cast doubt on his guilt or negate an element of the crime (see e.g. People v Ladieu, 105 AD3d 1265, 1266 [2013], lv denied 21 NY3d 1017 [2013]).  In any event, we would have found no abuse of discretion in the court's failure to order a second competency hearing (see People v Tortorici, 92 NY2d 757, 765-766 [1999], cert denied 528 US 834 [1999]; People v Dantzler, 63 AD3d 1376, 1377-1378 [2009], lv denied 14 NY3d 799 [2010]).

Peters, P.J., Lahtinen, Rose and Lynch, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court

---

[1]  Defendant had previously been declared incompetent, but had been reevaluated and found competent following a period of confinement and care.