■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD VELAZQUEZ, Appellant. [3 NYS3d 193]—

Egan Jr., J. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered April 25, 2012, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and strangulation in the second degree.

In satisfaction of a seven-count indictment, defendant entered an *Alford* plea to one count of assault in the second degree and one count of strangulation in the second degree and waived his right to appeal. In accordance with the plea agreement, defendant was sentenced to an aggregate prison term of 10 years followed by five years of postrelease supervision. Defendant now appeals.

We affirm. Initially, we note that defendant's waiver of the right to appeal was valid inasmuch as County Court "distinguished the right to appeal from the rights automatically forfeited upon a guilty plea and explained the consequences of defendant's plea," and defendant then reviewed and executed a detailed written waiver with counsel in open court (*People v Chavis*, 117 AD3d 1193, 1194 [2014]; *see People v Koumjian*, 101 AD3d 1175, 1175 [2012], *lv denied* 20 NY3d 1100 [2013]). That waiver precludes defendant's challenge to the severity of his sentence (*see People v Chavis*, 117 AD3d at 1195; *People v Koumjian*, 101 AD3d at 1175). While not precluded by the

waiver, defendant's assertion that his plea was involuntary because medication administered at the local jail clouded his judgment is unpreserved for our review in the absence of a proper postallocution motion, and the narrow exception to the preservation requirement is inapplicable here (*see People v Chavis*, 117 AD3d at 1194; *compare People v Hennessey*, 111 AD3d 1166, 1168-1169 [2013]).

Although defendant's remaining challenges—that the imposition of consecutive sentences was illegal and that the uniform sentence and commitment form must be amended—also survive his waiver (*see People v Koumjian*, 101 AD3d at 1175; *People v Vasavada*, 93 AD3d 893, 894 [2012], *lv denied* 19 NY3d 978 [2012]), we reject them as meritless. "[E]ven if the statutory elements of multiple offenses overlap, sentences may be imposed to run consecutively when multiple offenses are committed through separate and distinct acts, though they are part of a single transaction" (*People v Ramirez*, 89 NY2d 444, 451 [1996]; *see People v Moon*, 119 AD3d 1293, 1294-1295 [2014], *lv denied* 24 NY3d 1004 [2014]). The facts adduced during the plea colloquy revealed that the acts underlying the assault and strangulation charges were separate and distinct; thus, consecutive sentences were proper (*see People v Moon*, 119 AD3d at 1295; *People v Koumjian*, 101 AD3d at 1175). Finally, inasmuch as there was substantial compliance with the requirements of CPL 400.21 (*see People v Morse*, 111 AD3d 1161, 1161 [2013], *lv denied* 23 NY3d 1040 [2014]), and defendant does not challenge the terms of his sentence—which properly reflected his status as a second felony offender—the uniform sentence and commitment form need not be amended as a result of County Court's failure to expressly reiterate that defendant was a second felony offender at sentencing (*see generally People v Whalen*, 101 AD3d 1167, 1170 [2012], *lv denied* 20 NY3d 1105 [2013]; *compare People v Feliciano*, 108 AD3d 880, 881 n 1 [2013], *lv denied* 22 NY3d 1040 [2013]).

McCarthy, J.P., Rose and Devine, JJ., concur. Ordered that the judgment is affirmed.