■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE J. DAVIS, Appellant. [54 NYS3d 723]—

---

Lynch, J. Appeals (1) from a judgment of the County Court of Fulton County (Giardino, J.), rendered September 12, 2013, convicting defendant upon her plea of guilty of the crime of assault in the second degree, and (2) by permission, from an order of said court (Hoye, J.), entered November 12, 2015, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was charged in an indictment with assault in the second degree (two counts) and reckless endangerment in the first degree. She thereafter pleaded guilty to one count of assault in the second degree in satisfaction of the indictment and charges from a separate incident and waived the right to appeal. County Court (Giardino, J.) sentenced defendant in accord with the plea agreement to 3½ years in prison, to be followed by three years of postrelease supervision. Thereafter, County Court (Hoye, J.)* denied defendant's CPL 440.10 motion to vacate the judgment, without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the denial of her CPL 440.10 motion.

We affirm. As to defendant's direct appeal, her claim that her plea was involuntary due to mental incapacity survives her unchallenged waiver of the right to appeal, but is unpreserved for our review in light of her failure to move to withdraw her plea (*see* CPL 220.60; *People v Lang*, 127 AD3d 1253, 1255 [2015]; *People v Velazquez*, 125 AD3d 1063, 1064 [2015], *lv denied* 25 NY3d 993 [2015]; *People v Chavis*, 117 AD3d 1193, 1194 [2014]). Further, the narrow exception to the preservation rule is not applicable here, insofar as defendant did not make any statements during the plea colloquy that cast doubt on her guilt or otherwise called into question the voluntariness of her plea (*see People v Chavis*, 117 AD3d at 1194; *People v Borden*, 91 AD3d 1124, 1125 [2012], *lv denied* 19 NY3d 862 [2012]). Similarly, defendant's claim of ineffective assistance of counsel, to the extent that it implicates the voluntariness of her plea, is not preserved for our review because the record fails to reflect that she moved to withdraw her plea (*see People v Garry*, 133 AD3d 1039, 1039 [2015]; *People v Ortiz*, 127 AD3d 1416, 1417 [2015], *lv denied* 26 NY3d 1010 [2015]).

In her CPL article 440.10 motion, defendant reiterates that her plea was involuntary due to her mental incapacity and that counsel was ineffective for permitting her to enter a guilty plea. She further contends that it was error to deny this mo-

* In the interim, Judge Giardino retired.

tion without a hearing. We are unpersuaded, notwithstanding evidence in the record that defendant has mental health issues. The record confirms that County Court (Giardino, J.) was alerted as to defendant's mental health status throughout the proceedings. Starting with the arraignment on March 22, 2013, and at each ensuing appearance, the court inquired as to the medications that defendant was taking and her understanding of the proceedings. At the June 7, 2013 appearance, defendant informed the court that she was off her medication at the time of the underlying incident and was now taking effexor. The proceeding was adjourned to June 28, 2013, at which time defendant informed the court that she was taking an antidepressant that was helping her. The matter was adjourned again to July 11, 2013. At this appearance, defendant informed the court that she had a clear mind and that the medication was helping her to function and did not prevent her "from understanding what's going on." The plea allocution was then completed. While defendant supported her postconviction motion with medical records from the Fulton County Correctional Facility that do raise concerns about her mental capacity, those records do not constitute newly discovered evidence within the meaning of CPL 440.10 (1) and could have been presented to the court prior to her sentencing (*see People v Kot*, 126 AD3d 1022, 1026 [2015], *lv denied* 25 NY3d 1203 [2015]). We also recognize that the probation officer raised a mental health concern in the presentence report. On the other hand, defendant was examined pursuant to CPL article 730 in April 2013 and found competent to stand trial. Given this record, we conclude that County Court (Hoye, J.) did not err in denying defendant's CPL 440.10 motion without a hearing.

Next, we reject her contention that the Assistant District Attorney (hereinafter ADA) who prosecuted this matter had a conflict of interest that would warrant vacating the judgment of conviction. Under these circumstances, defendant must show "actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" (*People v Zinkhen*, 89 AD3d 1319, 1320 [2011] [internal quotation marks and citations omitted], *lv denied* 18 NY3d 964 [2012]; *see People v Giroux*, 122 AD3d 1063, 1064 [2014], *lv denied* 25 NY3d 1164 [2015]). In our view, defendant's vague allegation that a conflict of interest existed because the ADA "was a personal friend" of her in-laws, with whom she alleges she has a contentious relationship, and that defendant was a witness in a case prosecuted by the ADA in 2006 does not demonstrate any actual prejudice to her in this matter nor the existence of a substantial risk of an abuse of confidence (*see People v Giroux*, 122 AD3d

at 1064-1065; *People v Vanderpool*, 217 AD2d 716, 718 [1995], *lv denied* 86 NY2d 847 [1995]). Defendant's remaining claims in her CPL article 440.10 motion were capable of being raised on direct appeal and are therefore foreclosed from our review under this motion (*see People v Oddy*, 144 AD3d 1322, 1324 [2016]; *People v Rebelo*, 137 AD3d 1315, 1317 [2016], *lv denied* 28 NY3d 936 [2016]).

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur. Ordered that the judgment and order are affirmed.