People v Blackburn (2018 NY Slip Op 05637)





People v Blackburn


2018 NY Slip Op 05637


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
DANIEL T. BLACKBURN, Appellant.

Calendar Date: May 30, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Edward S. Graves, Indian Lake, for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (James E. Martineau of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered August 25, 2016, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.
As a result of a domestic altercation that occurred in May 2015, defendant was charged in a four-count indictment with assault in the second degree, criminal possession of a weapon in the third degree, menacing in the first degree and unlawful imprisonment in the second degree. In full satisfaction of these charges, defendant pleaded guilty to the reduced charge of attempted assault in the second degree and executed a waiver of appeal. Under the terms of the plea agreement, he was to receive a split sentence of time served and five years of probation. County Court specifically advised defendant that if he were arrested for committing any other crimes prior to sentencing, it would not be bound by the sentencing commitment and it could sentence defendant to 1&frac13; to 4 years in prison. Thereafter, when defendant appeared for sentencing, County Court was advised that defendant had been arrested for criminal contempt in the second degree. Although defendant did not contest that he violated the conditions of the conditional commitment, defendant moved for an adjournment in order to undergo a mental competency evaluation. County Court denied the request and sentenced defendant to a prison term of 1&frac13; to 4 years. Defendant now appeals.
We affirm. Although defendant's claim that he was not mentally competent to enter a guilty plea survives his valid, unchallenged waiver of appeal, this issue is nonetheless unpreserved for our review in the absence of an appropriate postallocution motion to withdraw his guilty plea on this ground, despite an opportunity to do so prior to the imposition of sentence (see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 219-220 [2016]; People v Davis, 150 AD3d 1396, 1397 [2017], lv denied 30 NY3d 1018 [2017]). Moreover, contrary to defendant's contention, the narrow exception to the preservation requirement was not implicated, as defendant did not make any statements during his plea allocution or at sentencing that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Velazquez, 125 AD3d 1063, 1063-1064 [2015], lv denied 25 NY3d 993 [2015]; People v Chavis, 117 AD3d 1193, 1194 [2014]).
In any event, were defendant's claim properly before us, we would not discern any indication in the record that defendant suffered from a mental defect that impacted the voluntariness of his plea. Defendant's history of mental illness, by itself, did not render him incompetent to enter a knowing and voluntary plea (see People v Chavis, 117 AD3d at 1194; People v Gomez, 72 AD3d 1337, 1338 [2010]) or necessitate a CPL article 730 hearing (see CPL 730.10 [1]; People v Park, 159 AD3d 1132, 1133 [2018], lv denied ___ NY3d ___ [May 30, 2018]; People v Stover, 123 AD3d 1232, 1233 [2014], lv denied 26 NY3d 936 [2015]). Further, during the plea colloquy, defendant confirmed that he understood the proceedings and denied being under the influence of any medication or having any "medical or mental health condition" that interfered with his ability to understand what was transpiring (see People v Stover, 123 AD3d at 1233; People v Guyette, 121 AD3d 1430, 1431 [2014], lv denied 27 NY3d 998 [2016]; People v Vandemark, 117 AD3d 1339, 1340 [2014], lv denied 24 NY3d 965 [2014]; People v Chavis, 117 AD3d at 1194). To the extent that defendant claims that the sentence imposed was harsh and excessive, appellate review of this claim is precluded by his unchallenged waiver of appeal (see People v Perkins, 140 AD3d 1401, 1403 [2016], lv denied 28 NY3d 1126 [2016]; People v Hall, 135 AD3d 1246, 1246 [2016], lv denied 27 NY3d 998 [2016]). Defendant's remaining contentions have been examined and found to be without merit.
Egan Jr., J.P., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.