People v Cole (2018 NY Slip Op 07781)





People v Cole


2018 NY Slip Op 07781


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

108473

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SCOTT J. COLE, Appellant.

Calendar Date: October 16, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Todd G. Monahan, Schenectady, for appellant.
Kelli P. McCoski, District Attorney, Fonda (Pamela A. Ladd of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeals (1) from a judgment of the County Court of Montgomery County (Catena, J.), rendered July 14, 2015, convicting defendant upon his plea of guilty of the crime of arson in the second degree, and (2) by permission, from an order of said court, entered October 26, 2017, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant entered a guilty plea to arson in the second degree in satisfaction of an eight-count indictment, waived his right to appeal his conviction and sentence and was sentenced, as a second violent felony offender, to 15 years in prison followed by five years of postrelease supervision. Defendant's subsequent motion to vacate the judgment pursuant to CPL 440.10 was denied without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the denial of his CPL article 440 motion.
As to defendant's direct appeal, although his challenge to the voluntariness of his guilty plea survives his waiver of the right to appeal, he failed to preserve this issue by making a postallocution motion to withdraw his plea (see CPL 220.60 [3]; People v Davis, 150 AD3d 1396, 1397 [2017], lv denied 30 NY3d 1018 [2017]). Further, the narrow exception to the preservation requirement is not implicated, as defendant made no statements during the plea allocution or at sentencing that were inconsistent with his guilt or called into question the voluntariness of his plea (see People v Blackburn, 164 AD3d 960, 961 [2018]; People v Davis, 150 AD3d at 1018). To the extent that defendant's claim of ineffective assistance of counsel implicates the voluntariness of his plea, it is similarly not preserved for our review on direct appeal in the absence of a motion to withdraw his plea (see People v Rivera, 164 AD3d 1573, 1574 [2018]; People v Davis, 150 AD3d at 1018).
With respect to his CPL 440.10 motion, defendant argues that the judgment of conviction should be vacated because he was not competent to enter a knowing, intelligent and voluntary plea and counsel's failure to raise this issue deprived him of effective representation. Defendant also contends that it was error for County Court to deny this motion without a hearing. Although medical records establish that defendant received treatment for psychiatric issues prior to and during his incarceration and around the time of his plea, there is no indication that defendant was incapable of understanding the nature of the proceedings (see People v Ryder, 136 AD3d 1109, 1110 [2016], lv denied 27 NY3d 1005 [2016]; People v Kaszubinski, 55 AD3d 1133, 1135 [2008], lv denied 12 NY3d 855 [2009]; compare People v Hennessey, 111 AD3d 1166, 1168 [2013]). Defendant actively participated in the plea proceedings and asked questions to clarify the nature of his plea. Accordingly, counsel's failure to investigate further or request a competency hearing did not deprive defendant of effective assistance (see People v Ricketts-Simpson, 130 AD3d 1149, 1150 [2015]; People v Blackmon, 122 AD3d 1071, 1072-1073 [2014], lv denied 24 NY3d 1218 [2015]). Further, given that defendant's submissions do not demonstrate that "the nonrecord facts sought to be established are material and would entitle him to relief," we find that County Court properly denied the motion without a hearing (People v Satterfield, 66 NY2d 796, 799 [1985]; see People v Jones, 161 AD3d 1311, 1313 [2018], lv denied 31 NY3d 1118 [2018]; People v Kot, 126 AD3d 1022, 1025 [2015], lv denied 25 NY3d 1203 [2015]).
Garry, P.J., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment and order are affirmed.