People v Gumbs (2019 NY Slip Op 00933)





People v Gumbs


2019 NY Slip Op 00933


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

109093

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ANTON C. GUMBS, Appellant.

Calendar Date: January 9, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Rumsey, JJ.


Craig S. Leeds, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered November 10, 2016, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to robbery in the first degree and waived his right to appeal. He was sentenced as a second felony offender to the agreed-upon prison term of 18 years, followed by five years of postrelease supervision. Defendant appeals.
Defendant contends that, given his posttraumatic stress disorder and other mental health issues noted in the presentence report and his assertion at sentencing that his judgment is, at times, clouded because of his mental health deficiencies, the knowing and voluntary nature of his plea was called into question and County Court should have conducted a competency hearing before final judgment was entered. In addition, defendant contends that, because defense counsel did not request a competency hearing, he received the ineffective assistance of counsel.
Defendant's contentions — to the extent that they impact the voluntariness of his plea — survive his unchallenged waiver of the right to appeal but are unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion (see People v Chavis, 117 AD3d 1193, 1194 [2014]; People v Bennett, 30 AD3d 631, 631 [2006], lv denied 7 NY3d 809 [2006]). Further, despite defendant's contention to the contrary, we are unpersuaded that defendant's statements regarding his overall mental health cast doubt on his guilt or otherwise called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Chavis, 117 AD3d at 1194; cf. People v Mox, 20 NY3d 936, 937-938 [2012]).
In any event, were these contentions properly before us, we would find them to be without merit. Defendant's mental health issues alone do not necessarily render him incompetent to enter a knowing and voluntary guilty plea or require that defense counsel request, or County Court order, a CPL article 730 competency hearing (see People v Park, 159 AD3d 1132, 1133 [2018], lv denied 31 NY3d 1085 [2018]; People v Duffy, 126 AD3d 1142, 1142 [2015]; People v Chavis, 117 AD3d at 1194). Further, nothing in the plea colloquy or at sentencing indicates that defendant suffered from a mental defect that impacted the voluntariness of his plea (see People v Park, 159 AD3d at 1133-1134; People v Chavis, 117 AD3d at 1194; People v Tafari, 90 AD3d 1341, 1342-1433 [2011], lv denied 19 NY3d 977 [2012]; People v Jenks, 69 AD3d 1120, 1121-1122 [2010], lv denied 14 NY3d 841 [2010]).
To the extent that defendant asserts that defense counsel was ineffective because he did not request at sentencing a reduction in the agreed-upon sentence, such contention does not impact the voluntariness of the plea and, therefore, is precluded by the unchallenged waiver of the right to appeal (see People v Burks, 163 AD3d 1268, 1269 [2018]). Similarly, the appeal waiver precludes defendant's challenge to the severity of the agreed-upon sentence (see People v Tucker, 160 AD3d 1303, 1304 [2018], lv denied 31 NY3d 1122 [2018]).
Egan Jr., J.P., Clark, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.