Breitel, J.
Appellant appeals from an order of the Appellate Division denying his motion for reinstatement as an attorney and counselor at law. Pursuant to the provisions of section 90 of the Judiciary Law, appellant was automatically disbarred and later his name was stricken from the roll of attorneys'because of his conviction for felony in the United States District Court for the Southern District of New York. Before his name was stricken from the rolls, the conviction was reversed by-the.United States Court of Appeals (365 F. 2d 395) and a new trial ordered. The Appellate Division, in denying his motion, did so without prejudice to a further application for reinstatement after disposition of the Federal indictment against him. The issue involves appellant’s right to .reinstatement following a reversal of a felony conviction. :
For the reasons to be discussed, it is concluded that, while a lawyer disbarred for felony conviction is not entitled automata cally to reinstatement upon reversal of the conviction, he is, nevertheless, entitled either to prompt reinstatement on his application or to the institution of proceedings to preclude him from reinstatement on the basis of charges and proof sufficient to debar him.
Appellant was admitted to the Bar on March 20, 1950 in the First Judicial Department. He has practiced as. a certified public accountant since 1943. Following an indictment returned March 22,1965, he was convicted after jury trial of the violation of various Federal statutes for the bribery of internal revenue agents. He was sentenced to imprisonment for one. year and one day on January 28,-1966.. On August 3, 1966 the United States Court of Appeals, unanimously reversed the conviction in an opinion by Judge Friendly and remanded the matter for a new trial. Reversal was based on alleged errors in the receipt of evidence, insufficiency of proof as to some counts of the indictment, curtailment of cross-examination, and alleged errors in the charge to the jury. Not until October 28, 1966, after the reversal of the conviction, did the Association .of the Bar of the City of New York begin proceedings -to strike appellant’s name from the roll of attorneys. Appellant answered the petition by setting forth the reversal of the conviction. On December 12, *157 1966 appellant moved for reinstatement. In the meantime, although calendared, the criminal case had not been retried. On February 2, 1967 the Appellate Division by separate orders struck appellant’s name from the roll of attorneys and denied his motion for reinstatement without prejudice, as indicated above.
The applicable statute provides, in part, as follows:
“ 4. Any person being an attorney and counsellor-at-law, who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such.
‘ ‘ Whenever any attorney and counsellor-at-law shall be convicted of a felony, there may be presented to the appellate division of the supreme court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be struck from the roll of attorneys.
“ 5. Upon a reversal of the conviction for felony of an attorney and counsellor-at-law, or pardon by the president of the United States or governor of this state, the appellate division shall have power to vacate .or modify such order or debarment.” (Judiciary Law, § 90.)
The law is settled that upon a conviction for felony a lawyer is ipso facto disbarred and no further action, judicial or otherwise, is required to constitute the fact (Matter of Ginsberg, 1 N Y 2d 144; cf. Matter of Donegan, 282 N. Y. 285). As a consequence, appellant was disbarred without further action by the Appellate Division on January 28, 1966, and the subsequent proceeding to strike his name from the rolls, even though instituted after the reversal of the conviction by the United States Court of Appeals, was merely the recording of the fact that had already occurred.
The statute quoted above provides that in the event of a reversal of conviction for felony the Appellate Division “ shall have power to vacate or modify such order or debarment ”. Such power, it has been held, is discretionary (Matter of Ginsberg, supra; Matter of Donegan, supra; Matter of Kaufmann, 245 N. Y. 423). That the statute confers a significant discretion is indicated by the fact that the statute refers also to pardons which do not have the effect of nullifying a conviction as does a reversal (see Matter of Kaufmann, supra). On the other hand, *158 it is evident that the scope for exercise of discretion is quite different between a reversal of a conviction, which nullifies it as if it had never been, and a pardon, which forgives but depends upon the subsisting fact of conviction.
In the Ginsberg case (supra), over the vigorous dissent by Judge Van Voorhis, the court held, in a case which involved as here a reversal of the conviction before the striking of the lawyer’s name from the rolls, that “ If and when he [the lawyer] asks for reinstatement the Appellate Division can consider all the facts and circumstances of the alleged criminal conduct to see if there be ‘ convincing proof of innocence ’ ” (1 N Y 2d, supra, p. 147). Notably, the Ginsberg case cited and quoted the Kaufmann case (supra) in support of this rule, but the Kaufmann case involved a pardon rather than a reversal of conviction.
The court now considers the rule as thus stated in the Ginsberg case as applied to reversals of convictions to be too harsh and therefore unjust. It should also be noted in passing that in the Ginsberg case, although the conviction was reversed on the law, the findings of fact were fully affirmed, unlike the situation in this case. But be that as it may, it is true, as Judge Van Voorhis argued in his dissent in the Ginsberg case, that the reversal nullified the conviction as if it had never been. Under such circumstances the discretion to be exercised by the Appellate Division becomes a more narrow one. In the first instance, it must ascertain whether the reversal is all that it purports to be in canceling the findings that a crime had been committed. In the second place, the Appellate Division, or better, the petitioner bar association should have the option to institute immediate proceedings to discipline the lawyer for the misconduct involved in the criminal prosecution or any other matters meriting discipline before the lawyer is entitled to resume the practice of law. It would seem that any proceedings thus brought on charges should be subject to the usual rules as to specificity of charges and the burden of proof. If for any reason it is not desired to proceed in this fashion, especially if out of a sense of fairness or otherwise the bar association or the Appellate Division prefers to have the criminal prosecution follow its normal course before the institution of disciplinary proceedings, then there is no choice except to reinstate the lawyer if he applies for reinstatement. A contrary view would mean that although the fact of conviction *159 has ceased to be it still serves to prevent the lawyer from exercising his privileges as a member of the Bar merely because there is an indictment outstanding, a condition not acceptable before a verdict of guilty has been returned.
The present case demonstrates that the old rule has potentiality for unfairness. The criminal prosecution has been calendared for retrial, but for various reasons the criminal case has not yet been brought to trial, although petitioner bar association contends that the delay has been due to the illness of appellant’s lawyer. Nor does it seem fair that an application for reinstatement based upon a reversal of the criminal conviction, regardless of the ground for reversal, should place upon the lawyer the burden of proving that he is innocent of the underlying charges.
To the limited extent that the holding in Matter of Ginsberg (supra) is inconsistent with the views expressed in this case, it should be overruled.
It should be pointed out by way of caveat that because the Appellate Division has discretion under the statute it has the power to take a realistic view of all of the circumstances in the case in order to prevent injury to clients or to the public. In the event the circumstances suggest such peril from the conduct of a lawyer with respect to whom a conviction of crime has been reversed, it may take appropriate preventive steps. Without confining the considerations to that class of case an appropriate basis for considered preventive action by the Appellate Division would be indicated with respect to lawyers whose convictions for crime have arisen out of a pattern of misconduct affecting directly the well-being of clients or the public (cf. Matter of Golenbock, 13 A D 2d 178).
Accordingly, the order of the Appellate Division denying the motion for reinstatement should be reversed and the matter remanded for the taking of such proceedings as may be appropriate and consistent with the views expressed in this opinion.
Chief Judge Fuld and Judges Van Voorhis, Burke, Scileppi, Bergan and Keating concur.
Order of Appellate Division reversed, without costs, and matter remitted to that court for further proceedings in accordance with the opinion herein.