In the Matter of BERNARD FRANKLIN KASS, Also Known as BERNARD KASS and BERNARD F. KASS, a Disbarred Attorney, Respondent. SOLOMON A. KLEIN, Petitioner.

Second Department, July 13, 1972.

*Solomon A. Klein,* petitioner in person.

*Julius Itzkowitz* for respondent.

*Per Curiam.* The respondent was admitted to practice law by this court on October 21, 1953. On November 3, 1967, he was convicted after a jury trial of bribery of a public officer (a felony) and conspiracy to bribe (a misdemeanor) and was sentenced to imprisonment for a maximum term of three years. As a result of the conviction, an order disbarring the respondent from the practice of law was entered on November 20, 1967 (*Matter of Kass,* 28 A D 2d 1137). The judgment of conviction, which was affirmed by this court, was subsequently reversed by the Court of Appeals and a new trial directed because of alleged errors committed during the trial (*People* v. *Kass,* 25 N Y 2d 123, revg. 31 A D 2d 785). Specifically, a new trial was ordered so that the respondent could inquire into the circumstances of the destruction of certain original notes prepared by the principal prosecution witness so as to test his credibility.

Thereafter, the respondent applied to this court for rein-

statement as a member of the Bar. The application for reinstatement was denied; on appeal, the Court of Appeals reversed and remanded the matter to this court " for hearing and determination upon appropriate findings within the rule of *Matter of Barash* (20 N Y 2d 154)" (*Matter of Kass*, 26 N Y 2d 763, revg. 33 A D 2d 521). Based on the remittitur, the respondent applied for such relief or, in the alternative, for reinstatement forthwith. The application was granted only insofar as it requested a hearing and determination upon appropriate findings within the *Barash* rule. The petitioner was directed to institute and prosecute a disciplinary proceeding against the respondent, founded upon a petition drawn within the scope of the aforesaid *Barash* rule, setting forth specifically: (a) the charges of misconduct involved in the aforesaid criminal prosecution which affect the well-being of the public and (b) the charges upon any other matters or misconduct meriting discipline.

The petition sets forth four specific acts of professional misconduct. Briefly stated, it charges that (A) in October, 1964 the respondent committed the crimes of bribery of a public officer and conspiracy to bribe; (B) the respondent conspired, combined and confederated with others to prevent and obstruct the due administration of the law by agreeing to pay $500 per week for police protection of " gambling, shylocking and prostitution "; (C) while the application for reinstatement was pending before this court the respondent " flouted * * * the order of disbarment and the mandate of Section 90 of the Judiciary Law " by (1) urging a young member of the Bar to appear on behalf of a litigant in pending litigation, (2) counseling and advising this attorney on the points of law he should use to defeat an order to show cause, (3) cautioning him not to reveal to anyone that certain notations on the margin of a copy of the order to show cause were in the respondent's handwriting and (4) giving detailed legal advice on how to prepare the papers in opposition; and (D) the respondent testified falsely with respect to the matter set forth in " (C) " above when he appeared as a witness at the preliminary investigation conducted by the petitioner.

Mr. Justice GLICKMAN found that each of the four charges was sustained by the evidence adduced at the hearing and, in our opinion, these findings are fully supported by the proofs. We particularly note that a satisfactory explanation was given concerning the preparation and use of the original notes heretofore referred to, the preparation of a second set of notes and

the circumstances relating to the eventual destruction of the original set. Accordingly, the petitioner's motion to confirm the findings of fact set forth in the Justice's report and to deny the respondent's motion for reinstatement is granted; and the respondent's cross motion to disaffirm the report, to dismiss the charges and to reinstate him as a member of the Bar is denied.

The respondent's entire course of conduct constitutes a pattern of moral turpitude which affects directly and adversely the well-being of the public at large, regardless of whether ultimately, upon a new trial, the District Attorney establishes by proof beyond a reasonable doubt that the respondent is guilty of the crimes alleged to have been committed by him. In a disciplinary proceeding based upon a charge that the respondent committed a crime, the question is not whether, under the strict and technical rules of criminal law, he is guilty of the crime, but rather whether his conduct demonstrates professional unfitness (*Matter of Popper*, 193 App. Div. 505, 511).

We conclude, therefore, that the respondent does not have the requisite qualifications of character and fitness for membership in the legal profession. The order of disbarment should remain in effect.

Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ.. concur.

In a disciplinary proceeding concerning a respondent who was disbarred as an attorney and counselor at law by a prior order of this court, dated November 20, 1967, petitioner's motion, *inter alia*, to confirm the report of a Justice of the Supreme Court is granted, respondent's cross motion, *inter alia*, to disaffirm the report is denied, and said disbarment order shall remain in effect.