■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL ARIAS, Appellant.—Appeal from the judgment of the Supreme Court, Bronx County, rendered July 12, 1977, convicting the defendant of the crimes of assault in the first degree (three counts), assault in the second degree (three counts), and criminal possession of a weapon, held in abeyance pending remand for a full competency hearing to determine the mental capacity of the defendant at the time of trial and at the time of sentencing. Defendant was convicted after a jury trial held in February, 1972. The sentencing date was set for March 3, 1972. Prior to sentencing, defendant was sent to Bellevue Hospital for psychiatric treatment. A psychiatric examination was ordered by the court and, on March 28, 1972, Justice Starke adjudicated the defendant to be a dangerous incapacitated person and committed the defendant to the custody of the Department of Mental Hygiene for a period of no more than one year. In April, 1977,* a further psychiatric examination was ordered by Justice Goldfluss. Two of the three psychiatrists found defendant incompetent to stand trial, although the issue to be determined was whether he was sufficiently competent to be sentenced. Two additional psychiatrists examined defendant and found him competent enough to be sentenced. Defendant was then brought before the Trial Justice and sentenced. No hearing on the issue of defendant's competency was ever held. This defendant was declared incompetent shortly after his conviction. He may well have been incompetent at his trial. A hearing on that issue is warranted (People v Hudson, 19 NY2d 137) despite the long hiatus between the trial and the directive to hold a hearing (People v Mullooly, 37 AD2d 6). In view of the doubt raised as to the competence of the defendant prior to sentencing (two psychiatrists having found him incompetent shortly prior to sentencing), the hearing to be held should also encompass the issue of defendant's mental capacity at that time. Pending receipt of the results of this hearing, determination of the appeal will be held in abeyance. Concur—Murphy, P. J., Kupferman, Fein, Lane and Lynch, JJ.

---

* The defendant was in and out of various psychiatric institutions during the intervening five-year period.