In the Matter of JOHN A. KEEFFE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 24, 1980

## APPEARANCES OF COUNSEL

*Harold F. McGuire, Jr.* and *Arthur V. Nealon* of counsel *(Barthold & McGuire,* attorneys), for respondent.

*Alan S. Phillips* of counsel *(Nicholas C. Cooper,* attorney), for petitioner.

## OPINION OF THE COURT

*Per Curiam.*

Respondent, admitted to practice by the First Department on March 12, 1956, was convicted by jury verdict of grand larceny in the second degree (the third count of the indictment), a class D felony, on May 31, 1979. On December 4, 1979, this court granted the petition of the Departmental Disciplinary Committee for the First Judicial Department to strike respondent's name from the roll of attorneys pursuant to subdivision 4 of section 90 of the Judiciary Law. *(Matter of Keeffe,* 71 AD2d 248.)

On May 1, 1980, the Court of Appeals reversed the conviction and dismissed the indictment on the ground that the conduct proved at trial did not constitute a larceny, the court further noting that respondent's conduct did not violate the pertinent regulation of Disciplinary Rule 9-102 of the Code of Professional Responsibility. *(People v Keeffe,* 50 NY2d 149.) Respondent now moves pursuant to section 90 (subd 5, par a) of the Judiciary Law to vacate this court's order of December 4, 1979, and for immediate reinstatement as an attorney and counselor at law.

Petitioner opposes immediate reinstatement and requests

that respondent's application be held in abeyance for 45 days to allow petitioner time to review the records pertaining to respondent's trial, now sealed pursuant to CPL 160.50, in order to determine whether to institute disciplinary proceedings against respondent. In connection with this request, petitioner cross-moves for an order unsealing the trial records. Respondent refuses to consent to the unsealing of the records.

■ We find it unnecessary in the instant case to reach the issue of whether this court may, in the discharge of its disciplinary responsibility, order the unsealing of records sealed pursuant to CPL 160.50. (See *Matter of Hynes v Karassik*, 47 NY2d 659, 665 [JONES and JASEN, JJ., concurring].) When respondent's conviction was appealed to this court, a record was filed which should be adequate to allow petitioner to determine whether sufficient evidence exists to warrant instituting disciplinary proceedings against respondent. CPL 160.50 (subd 1, par [c]) provides that the record and briefs on appeal are not sealed upon termination of a criminal action in favor of the accused. Accordingly, those materials are available for petitioner's inspection, and an order unsealing the records is unnecessary.

■ Turning now to respondent's motion for reinstatement, this court "has the power to take a realistic view of all the circumstances in the case in order to prevent injury to clients or to the public" in determining whether to vacate or modify the disbarment order pending further investigation by the Departmental Disciplinary Committee. *(Matter of Barash,* 20 NY2d 154, 159; Judiciary Law, § 90, subd 5, par a.) We find no danger of such injury occurring here, particularly in view of the Court of Appeals finding that respondent's conduct did not violate the Code of Professional Responsibility, and that respondent's motion to dismiss the third count of the indictment should have been granted. If his motion to dismiss had been granted, there would have been no judgment of conviction, and respondent would not have been disbarred on December 4, 1979.

Accordingly, this court's order of December 4, 1979 is vacated, respondent's application for reinstatement is granted, and his name is ordered restored to the roll of attorneys and counselors at law forthwith. Petitioner's cross motion to unseal the trial records is denied for the reasons set forth above.

BIRNS, J. P., FEIN, SANDLER, SULLIVAN and BLOOM, JJ., concur.

Motion granted and this court's order of October 11, 1979 (as resettled by order entered on December 4, 1979) is vacated, respondent's application for reinstatement granted, and his name restored to the roll of attorneys and counselors at law forthwith and petitioner's cross motion to unseal the trial records denied for the reasons set forth in the *Per Curiam* opinion filed with the order of this court.