■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FIXTER, Also Known as JACK FIXTER, Appellant.—Order unanimously reversed, and matter remitted to Livingston County Court for further proceedings in accordance with the following memorandum: Defendant was granted leave to appeal from an order which denied his motion pursuant to CPL article 440 to vacate his judgment of conviction for manslaughter, first degree (Penal Law, § 125.20, subd 2). On November 10, 1976 defendant pleaded guilty to killing his former wife while under the influence of extreme emotional disturbance. The incident occurred during a row that involved defendant, his wife and his former wife. On December 22, 1978 he moved to vacate the judgment of conviction because his plea was entered at a time when he was incapable of understanding or participating in the proceedings due to mental disease or defect (CPL 440.10, subd 1, par [e]). The court denied the motion without a hearing. In his *pro se* moving papers, defendant alleged that less than two years before the crime he was involved in a serious auto accident which required a craniotomy and caused retrograde amnesia and epileptic seizures. He has been on medication ever since and he alleges that while in jail awaiting trial, he had at least six seizures and twice attempted suicide. He denies remembering or understanding the plea or sentencing proceedings. In addition, during the argument of this motion a report prepared after a private psychiatric examination, but conducted before the plea, was submitted to the court. In it the examining physician noted the possibility of brain damage and associated emotional difficulties and, although the doctor found no evidence of legal insanity, he stated that the report was made with limited history and investigation of the case. It also appears from the record that less than two months after the judgment was entered, defendant was examined pursuant to section 408 of the Correction Law and diagnosed as suffering from "psychosis associated with brain trauma". He was thereafter transferred from Attica Correctional Facility to Matteawan Hospital. Although the documents supporting the petition are limited, this proof is sufficient to require a hearing (CPL 440.30; see *People v Arias,* 71 AD2d 551). The record on the hearing should include the defendant's medical and psychiatric history before and after the judgment in addition to such other evidence as the parties choose to present. We have considered the other points raised by defendant and find them to be without merit. (Appeal from order of Livingston County Court—vacate conviction.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Witmer, JJ.