(December 24, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HILDENBRANDT, Appellant.—Mahoney, P. J. Appeals (1) from a judgment of the County Court of Albany County (Harris, J.), rendered February 16, 1984, upon a verdict convicting defendant of the crime of assault in the first degree, and (2) by permission, from an order of said court, entered February 11, 1986, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was indicted and charged with first degree assault based on a September 1983 incident wherein defendant and two friends got into a fight with two other individuals. In the course of the fight, defendant struck one of the combatants, Paul Lyman, over the head with a tire iron causing a fractured skull. After a jury trial, defendant was found guilty as charged. He was thereupon sentenced to an indeterminate term of imprisonment of 5 to 15 years. Defendant appealed.

Approximately 15 months after trial, defendant moved to vacate the judgment of conviction on the ground of newly discovered evidence. The motion was denied and this court granted permission to appeal.

---

The testimony at trial indicates that, at about 3:30 A.M. on September 11, 1983, defendant and two friends were sitting in a car in a parking lot outside a bar. Lyman and a friend exited the bar and walked to their car which was parked near the car defendant and his friends were in. Words were exchanged between the groups and a fight ensued. It is undisputed that, during the course of the brawl, Lyman's friend possessed a tire iron. Also, defendant and one of his friends got a tire iron and a baseball bat from their car. A patron of the bar saw the fight and called the police. He then went outside and announced that the police were on their way. The individuals then abandoned the fight and went back to their cars. When only defendant and Lyman remained outside the vehicles, a final skirmish broke out, as a result of which defendant struck Lyman with a tire iron.

Defendant contends that there was insufficient proof to support the conviction. His position at trial was that, as he was trying to escape to his car, Lyman attacked him from behind. Defendant then threw a tire iron at Lyman in self-defense. This was rebutted by the testimony of Lyman and his friends as well as the witness who called the police. The People's witnesses maintained that, as Lyman was withdrawing toward his car, defendant struck him with a tire iron. Thus, the jury was presented with a credibility question and it was free to disbelieve defendant and his witnesses. From the remaining proof, the jury could believe that the fight had ended and that defendant struck Lyman without justification. Further, from the action of striking a person over the head with a tire iron, the intent to cause serious physical injury could be inferred. Thus, the jury's finding that defendant struck Lyman with the intent to cause serious physical injury is amply supported by the evidence.

Next, there was sufficient evidence to support the finding of serious physical injury, which is defined as injury which creates a substantial risk of death, or causes a serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ (Penal Law § 10.00 [10]). Here, the physician who treated the victim testified regarding the seriousness of the injuries and was of the opinion that they created a substantial risk of death and caused a hearing impairment. Defendant offered no evidence in opposition.

Defendant also challenges the instructions to the jury with regard to the defense of justification and the issue of intoxication. Defendant made no objection to the charge and, there-

fore, has not preserved these issues for review. Further, a review of the charge reveals no error which would warrant reversal as a matter of discretion in the interest of justice.

Lastly, we find that the sentence imposed, which was the maximum allowable, was not inappropriate based on the nature of the offense.

Turning to the motion to vacate, over a year after the conviction, a civil suit was commenced by Lyman against the restaurant which owned the parking lot where the incident occurred. It was discovered that a security guard who had been patrolling the area on the night in question had witnessed part of the fight. This guard's statement was the alleged newly discovered evidence which formed the basis of defendant's motion to vacate the judgment of conviction. CPL 440.10 (1) (g) provides that a trial court may vacate a judgment of conviction on the ground that: "New evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant". County Court found that the witness could have been produced with due diligence on defendant's part and, further, that the statement of the witness was not sufficiently probative to create a probability that a different verdict would have been reached. Thus, County Court denied the motion without a hearing.

We reverse County Court's order on the postjudgment motion. Initially, we hold that defendant did establish that the testimony of the eyewitness could not have been produced by him with due diligence. In resolving this issue the practicalities of the situation must be kept in mind. The primary burden of investigating a crime is on the People through their agency, the police department. Certainly, the defense has an obligation to investigate the facts of the crime. However, this requirement must be measured against the limited resources generally available to the defense. Here, since defendant was unable to raise bail, he remained in custody and was unable to assist in his own defense. Further, he was represented by the Public Defender and not by retained counsel. The existence of the witness was not uncovered by the police and there is nothing in the record to indicate that the failure to discover the witness was unreasonable. Thus, it can hardly be said that

defendant should be charged with a lack of due diligence in finding the witness.

Next, we are of the view that a hearing should have been held on the issue of whether the witness's testimony is of such character as to create a probability that had it been received at trial the verdict would have been more favorable to defendant. The defense and the prosecution presented opposing testimony regarding how Lyman was struck. Clearly, this was a brawl in which there were no truly innocent parties. Even the one disinterested witness admitted that he was a high school friend of the victim. The security guard's affidavit is, admittedly, somewhat vague regarding the identity of the combatants. However, he clearly and unequivocally stated that it was the individual who was struck and injured, and remained at the scene awaiting medical attention, who took the first swing with an object at the other individual. Thus, a hearing should have been held so that a thorough inquiry could have been made into the probative value of the witness's testimony and its probable effect on the verdict *(see, People v Harris,* 74 AD2d 879).

Judgment affirmed.

Order reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur. *[See, sub nom. People v Hilderbrandt,* 122 Misc 2d 622.]