■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. HENNESSEY, Appellant. [975 NYS2d 502]—

Garry, J. Appeals (1) from a judgment of the County Court of Albany County (Herrick, J.), rendered April 25, 2012, convicting defendant upon his plea of guilty of the crime of aggravated harassment in the second degree as a hate crime (two counts) and, (2) by permission, from an order of said court, entered

November 8, 2012, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was charged in an indictment with 11 counts of aggravated harassment in the second degree as a hate crime, after he made anonymous telephone calls to African-American residents of his neighborhood and used threatening language, profanity and racial epithets. In satisfaction of the indictment, he pleaded guilty to two of the counts and waived his right to appeal. He was sentenced in accordance with the plea agreement to concurrent terms of 1 to 3 years in prison. Defendant subsequently moved pursuant to CPL 440.10 to vacate the judgment of conviction, and County Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.

Defendant contends that he suffers from a mental illness and was under the influence of psychotropic medications at the time that he entered his guilty plea and, therefore, the plea was invalid as he was unable to understand or participate in the proceedings due to mental disease or defect (*see* CPL 440.10 [1] [e]; *People v Kaszubinski*, 55 AD3d 1133, 1134 [2008], *lv denied* 12 NY3d 855 [2009]). He further asserts that County Court should have conducted a hearing upon his CPL 440.10 motion relative to this issue. As a preliminary matter, defendant's challenge implicates the voluntariness of his guilty plea, and so his waiver of the right to appeal does not preclude him from raising this issue (*see People v McFarren*, 83 AD3d 1209, 1210 [2011], *lv denied* 17 NY3d 860 [2011]; *People v Ashley*, 71 AD3d 1286, 1287 [2010], *affd* 16 NY3d 725 [2011]).

There is evidence in the record that defendant suffers from a mental illness and was taking medications during the course of the proceedings that may have clouded his judgment and rendered him incapable of entering a valid guilty plea. The presentence investigation report indicates that the crimes at issue were defendant's first and only criminal convictions. He had previously led a productive and law-abiding life, having been employed as a police officer and later as an attorney. He was 58 years old at the time he committed the crimes, and his acts appear to have been unprovoked and out of character. The probation officer further noted that there was no comprehensible reason why defendant would commit these crimes, and speculated that defendant might have some underlying, undiagnosed mental health problem. Prior to sentencing, defense counsel had defendant evaluated by a clinical psychologist. This expert

noted that defendant had been previously diagnosed with chronic anxiety syndrome, and observed that he was taking multiple medications, including Zocor, Xanax, Zoloft and Seroquel. She also noted that he had been hospitalized on the date of a scheduled court appearance after taking too many Xanax and perhaps consuming beer. Based upon her review, the psychologist concluded that defendant's clinical symptoms were "consistent with Bipolar I Disorder, Most Recent Episode Manic," which were seemingly present at the time he committed the crimes at issue, and that his conduct appeared to be "reflective of the impulsivity and poor judgment secondary to mental illness." At the time of sentencing, defense counsel advised that, on the date defendant had previously missed the court appearance, counsel had found him lying naked on the floor of his home surrounded by empty pill bottles; defendant was taken to the psychiatric unit at the local hospital, where he remained for five or six days.

Defendant presented further evidence of his mental illness and use of psychotropic medications upon his CPL 440.10 motion. In his own affidavit, defendant recounted experiencing extreme anxiety leading to his hospitalization, and stated that the medications he was taking made him feel intoxicated and in a haze during the plea and sentencing proceedings. He also submitted the affidavit of a forensic nurse consultant, who indicated that the side effects of the medications that defendant was taking included drowsiness, dizziness, fatigue and abnormal thinking, and noted that Zoloft was not recommended for individuals with bipolar disorder. The nurse opined that the combination and quantity of medications that defendant was taking at the time of his plea and sentencing "most certainly" would have affected his cognitive ability to understand the proceedings.

Although postjudgment motions may often be determined upon the record and submissions, a hearing is required where facts outside the record are material and would entitle a defendant to relief (*see* CPL 440.30 [5]; *People v Satterfield*, 66 NY2d 796, 799 [1985]; *People v LaPierre*, 108 AD3d 945, 946 [2013]; *People v Kittle*, 154 AD2d 782, 784 [1989], *lv denied* 75 NY2d 814 [1990]). Here, the proof reveals that defendant suffers from a mental illness and was taking psychotropic medications, and further development of the record is required to determine the extent to which his mental capacity was impaired and whether this rendered him unable to enter a knowing, voluntary and intelligent guilty plea. A hearing on defendant's CPL 440.10 motion is the appropriate vehicle for collecting further evidence

on this issue and determining whether defendant's guilty plea should be vacated as a result (*see generally People v Di Donato*, 263 AD2d 677, 678-679 [1999], *lv denied* 94 NY2d 798 [1999]). Accordingly, we find that County Court erred in denying defendant's CPL 440.10 motion without a hearing, and conclude that this matter must be remitted to County Court for this purpose.

Defendant's remaining contentions, including his claim of ineffective assistance of counsel based upon the failure to present a psychiatric defense (*see People v Oliveras*, 21 NY3d 339, 347-348 [2013]), either need not be addressed in view of our disposition or lack merit.

Rose, J.P., Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.