*1023 McCarthy, J.P.
Appeals (1) from a judgment of the County Court of Tompkins County (Rowley, J.), rendered June 16, 2010, upon a verdict convicting defendant of the crimes of murder in the second degree, arson in the third degree and tampering with physical evidence, (2) by permission, from an order of said court, entered August 21, 2013, which partially denied defendant’s motion pursuant to, among other things, CPL 440.10 to vacate the judgment of conviction, without a hearing, and (3) from a judgment of said court, rendered October 18, 2013, which resentenced defendant.
Defendant was indicted in June 2009 on charges of murder in the second degree, arson in the third degree and tampering with physical evidence after he murdered his wife while they were out jogging by cutting her throat with a box cutter and then returned to their apartment and attempted to set it on fire. Only weeks before, defendant and the victim had returned from a honeymoon trip to Costa Rica. During the evening following the murder, the police found defendant alone in his car in a parking lot of a state park. When the officer approached the car, he observed dried blood on defendant’s sleeve and asked him to lower his window. Defendant instead put the car into gear and led police on a high-speed chase that ended when he drove off the road. When the police got to the car, defendant was unconscious and wearing only a bathrobe; his neck was lacerated and he had a bloodied knife in his hand.
At the jury trial in April 2010, County Court instructed the jury to consider the affirmative defense of extreme emotional disturbance (see Penal Law § 125.25 [1] [a]). Ultimately, the jury convicted defendant on all three counts and the court sentenced him to a prison term of 25 years to life on the second-degree murder conviction and to lesser, concurrent terms on the arson and tampering with physical evidence convictions. Defendant thereafter moved pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and the sentence. Without holding a hearing, County Court denied that part of the motion to vacate the judgment of conviction pursuant to CPL 440.10. Finding that defendant received an unauthorized sentence on the arson and tampering convictions, however, the court determined that he should be resentenced on said convictions, which it did in a separate judgment. Defendant now ap *1024 peals from the judgment of conviction, the judgment resentencing him and, with the permission of this Court, from the order partially denying his CPL article 440 motion.
Initially, we reject defendant’s claim that County Court erred by failing to order, sua sponte, a competency hearing pursuant to CPL 730.30. Generally, a defendant is presumed to be competent to stand trial (see People v Tortorici, 92 NY2d 757, 765 [1999], cert denied 528 US 834 [1999]). If, during a criminal action, the court “has a reasonable ground for believing that a defendant is in such a state of [mental disease or defect] that he [or she] is incapable of understanding the charge, indictment or proceedings or of making his [or her] defense, it is the duty of the court to direct him [or her] to be examined in these respects” (id. [internal quotation marks and citations omitted]; see CPL 730.10 [1]; People v Yu-Jen Chang, 92 AD3d 1132, 1134 [2012]). On this appeal, we consider whether the court abused its discretion (see People v Tortorici, 92 NY2d at 766; People v Duffy, 119 AD3d 1231, 1233 [2014], lv denied 24 NY3d 1043 [2014]).
Even if, as defendant now claims, the full extent of his illness was not known because he did not receive adequate medical care until after the trial, a history of mental illness and/or suicide attempts does not compel a finding of incompetency or necessarily require a competency hearing (see People v Duffy, 119 AD3d at 1233; People v Tafari, 90 AD3d 1341, 1342-1343 [2011], lv denied 19 NY3d 977 [2012]; People v Andrews, 78 AD3d 1229, 1232 [2010], lv denied 16 NY3d 827 [2011] [although the defendant held delusional ideas he was competent to stand trial]; People v Clickner, 128 AD2d 917, 918 [1987], lv denied 70 NY2d 644 [1987] [the trial court did not err in declining to order competency evaluation when the defendant attempted suicide while awaiting sentencing]). Although defendant claims that County Court did not make sufficient inquiry with regard to his competency, it is not disputed that the court was able to observe defendant’s behavior and demeanor in the courtroom throughout the trial, as well as in video excerpts from his discussions with Rory Houghtalen, the forensic psychiatrist retained to examine him (see People v Bolarinwa, 258 AD2d 827, 831 [1999], lv denied 93 NY2d 1014 [1999]). During the trial, Houghtalen did not opine that defendant was incompetent, and defense counsel at no point requested a competency hearing. Notably, during a sidebar, defendant himself requested to be excused from the courtroom as the People were about to introduce photographs of the victim’s body, and he made statements at sentencing expressing regret *1025 over killing his wife. Based on the available information, we cannot say that County Court abused its discretion in not, sua sponte, ordering a competency hearing (see People v Duffy, 119 AD3d at 1233; People v Yu-Jen Chang, 92 AD3d at 1135). For the same reasons, we find without merit defendant’s contention that he was deprived of the effective assistance of counsel due to counsel’s failure to request a competency hearing or to present an insanity defense (see People v Hennessey, 111 AD3d 1166, 1169 [2013]).
County Court did not err in denying, without a hearing, defendant’s CPL 440.10 motion to vacate the judgment of conviction based on Houghtalen’s revised evaluation of what he believes defendant’s mental capacity was at the time of the trial. Defendant argues that he was entitled to a hearing on his CPL 440.10 motion as to whether he was capable of understanding and participating in his trial (see CPL 440.10 [1] [e]) and as to whether purportedly newly discovered evidence concerning his mental health would have, if received at trial, resulted in a verdict more favorable to him (see CPL 440.10 [1] [g]). On a motion to vacate, a hearing is required if the submissions “show that the nonrecord facts sought to be established are material and would entitle [the defendant] to relief” (People v Satterfield, 66 NY2d 796, 799 [1985]; see CPL 440.30 [5]; People v Hennessey, 111 AD3d at 1168-1169).
The record here contains numerous facts undercutting any assertion that defendant, at the time of his trial and the pretrial proceedings, was suffering from any mental condition that left him “incapable of understanding or participating in such proceedings” (CPL 440.10 [1] [e]). Up to and throughout the trial, defendant continuously exhibited an awareness of the nuances of the criminal justice process, including, as is pertinent to this discussion, the crucial role that Houghtalen, as his forensic psychiatric expert, would play in his defense. Defendant’s forthright disclosures to Houghtalen concerning the dysfunction he observed in his family during his youth, and the mental health symptoms he reportedly experienced in the days and months leading up to his crime, support the conclusion that any psychiatric conditions from which he might have been suffering over the course of the instant criminal action did not prevent him from recognizing that providing Houghtalen with details of his mental health history would bolster his defense, nor from actually supplying such information to Houghtalen.
County Court was aware from the outset of its oversight of this case that defendant’s mental health would be the focus of *1026 the litigation (compare People v Hennessey, 111 AD3d at 1167-1168). The court had ample opportunity to observe defendant’s demeanor in court and in his videotaped interviews with Houghtalen, and the court received “extensive written submissions” from Houghtalen and defendant in support of defendant’s postconviction claim pursuant to CPL 440.10 (1) (e) (People v Sheppard, 107 AD3d 1237, 1239 [2013], lv denied 22 NY3d 1203 [2014]). Therefore, County Court did not err in rejecting without a hearing (see CPL 440.30 [1] [a]) so much of defendant’s CPL 440.10 motion as suggested that, at the time of these proceedings, defendant’s judgment was so clouded by mental disease or defect that he was unable or unwilling to play any part in defending against the charges (compare People v Hennessey, 111 AD3d at 1167-1169; People v Fixter, 79 AD2d 861, 861 [1980]). Even accepting as true Houghtalen’s determination that defendant, at the time of his trial, believed his attorney and Houghtalen to be part of a conspiracy against him, there is no proof that such delusion rendered defendant unable to appreciate the nature of these proceedings, or caused him to refuse to participate in them.
As for defendant’s claim under CPL 440.10 (1) (g), even if it can be said that Houghtalen’s recent reevaluation of defendant’s mental health history amounts to newly discovered evidence, it cannot be said that such evidence “could not have been produced ... at the trial . . . with due diligence” (CPL 440.10 [1] [g]). Defendant informed Houghtalen during a midtrial interview that he believed that Houghtalen and his trial counsel were part of a conspiracy against him. No reasonable explanation has been provided for the failure to reassess defendant’s mental health — or the defense’s trial strategy — in light of this disclosure. This is not a situation in which, for example, the People ignored their obligation to thoroughly investigate the crime allegedly committed by a defendant whose trial attorney lacked the resources necessary to mount a viable defense (compare People v Hildenbrandt, 125 AD2d 819, 821-822 [1986], lv denied 69 NY2d 881 [1987]). Rather, the findings of Houghtalen’s reevaluation are “not ‘newly discovered’ within the meaning of CPL 440.10 (1) (g) since, with the exercise of due diligence, [they] could have been discovered before [the conclusion of the] trial” (People v Chaney, 298 AD2d 617, 620 [2002], lv dismissed and denied 100 NY2d 537 [2003]).
Turning to the question of whether the findings of Houghtalen’s reevaluation were, as a substantive matter, “of such character as to create a probability that[,] had such evidence been received at the trial [,] the verdict would have been *1027 more favorable to [ ] defendant” (CPL 440.10 [1] [g]), County Court did not abuse its discretion in concluding that no hearing was necessary to assess the probative value of Houghtalen’s recent findings and their likely impact on the verdict (compare People v Page, 115 AD3d 1067, 1069 [2014], lv dismissed 23 NY3d 966 [2014]). Because defendant’s CPL 440.10 motion was supported by affidavits from defendant, his trial counsel and Houghtalen, County Court was not faced with a situation in which it had been presented with potentially exculpatory statements by individuals whose credibility it had not had the opportunity to assess in person during the trial (compare id. at 1067-1069; People v Hildenbrandt, 125 AD2d at 821-822). In addition, County Court observed the jury in this case as it heard Houghtalen testify in support of the defense’s theory of extreme emotional disturbance pursuant to Penal Law § 125.25 (1) (a), and heard the People’s expert psychiatrist present a theory of malingering and suggestibility. Ultimately, the jury chose to reject the defense’s extreme emotional disturbance defense. Thus, it cannot be said that there is a “reasonable probability” (People v McKnight, 306 AD2d 546, 548 [2003], lv denied 100 NY2d 596 [2003]) that the jury, had it heard Houghtalen testify in support of a theory of insanity under Penal Law § 40.15, would have instead rejected the People’s expert’s theory of malingering and suggestibility, and returned a verdict more favorable to defendant. As such, County Court did not abuse its discretion in determining that it did not need to hold a hearing to explore what effect, if any, the findings of Houghtalen’s reevaluation would have had upon the verdict had the jury been privy to them.
Defendant’s myriad claims of prosecutorial misconduct during the People’s opening and closings arguments were not preserved for our review (see People v Studstill, 27 AD3d 833, 835 [2006], lv denied 6 NY3d 898 [2006]). Defendant’s remaining arguments, including his claim that the People elicited inadmissible testimony from certain expert witnesses, have been considered and are without merit.
Devine and Clark, JJ., concur.