Lynch, J.
(concurring in part and dissenting in part). I respectfully dissent only from that part of the majority’s conclusion that County Court properly denied defendant’s CPL 440.10 motion to vacate the judgment of conviction without a hearing.
On a motion to vacate, a hearing is required if the submissions “show that the nonrecord facts sought to be established are material and would entitle [the defendant] to relief” (People v Satterfield, 66 NY2d 796, 799 [1985]; see CPL 440.30 [5]; *1028 People v Hennessey, 111 AD3d 1166, 1168-1169 [2013]). Here, in addressing the motion, County Court determined that its review was limited to facts known to the court at the time of trial, and it noted that neither Rory Houghtalen nor defendant’s counsel requested a competency hearing. The CPL article 440 review, however, is not so limited and must account for any new, material information outside the trial record.
Here, defendant’s submissions reveal that, in July 2010, after sentencing and while in state custody, defendant again attempted suicide and consequently was involuntarily admitted to a psychiatric center, where he received mental health treatment until he was discharged in August 2011. While Houghtalen initially had determined that defendant was competent to stand trial, he now concludes in an affidavit that, upon review of defendant’s medical records — including those generated while he was treated at the psychiatric center — and after meeting with defendant for an unspecified period of time at the state facility in October 2012, County Court should have evaluated defendant to determine whether he was competent to stand trial. Houghtalen explains that, as a result of the treatment received, defendant is now able to fully explain the extent and duration of his psychosis, providing information that he did not disclose prior to trial. Based on what he has learned posttrial, Houghtalen believes that defendant, a “quietly psychotic” individual, would have qualified for an insanity defense (see Penal Law § 40.15). According to Houghtalen, defendant was “morbidly depressed and . . . quite paranoid” during the trial, and his condition interfered with his ability to participate in his defense because, principally, he believed that both his attorney and Houghtalen were part of a larger conspiracy against him. Houghtalen candidly acknowledged that defendant shared this concern during their last interview while the trial was underway, but explains that he did not appreciate the extent of defendant’s mental illness. Correspondingly, defendant explains in an affidavit that it was not until he received treatment, and was diagnosed and given antipsychotic medication, that he was “relieved of much of the paranoid and delusional thinking that [he] struggled with every day of [his] life, . . . since [he] was eight to ten years old.” I note that, although defendant received a standard mental health assessment while in custody before trial, he did not receive any treatment until after his second suicide attempt.
I am mindful that Houghtalen initially conducted a thorough records review, interviewed defendant at length prior to trial and formulated an opinion to support a defense of extreme *1029 emotional disturbance, while ruling out an insanity defense. As such, if this were a matter of an expert witness merely second-guessing himself after a conviction, I would see little, if any, merit to the application. The operative facts here, however, are more compelling. In my view, Houghtalen’s affidavit, together with the supporting affidavit of trial counsel and defendant’s own affidavit, were sufficient to warrant a hearing as to whether defendant was competent to participate at his trial, and as to whether such proof creates a probability that the verdict would have been more favorable to defendant (see CPL 440.10 [1] [e], [g]; 440.30 [5]; People v Hennessey, 111 AD3d at 1168-1169; People v Nau, 21 AD3d 568, 568-569 [2005], lv denied 5 NY3d 855 [2005]; People v Fixter, 79 AD2d 861, 861 [1980]).
Ordered that the judgments and order are affirmed.