*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 7, 2016                 D-20-16
_____

In the Matter of JAMES J.
    HENNESSEY JR., a Disbarred
    Attorney.

COMMITTEE ON PROFESSIONAL
    STANDARDS,                              DECISION AND ORDER
                                                ON MOTION
                      Petitioner;

JAMES J. HENNESSEY JR.,
                      Respondent.

(Attorney Registration No. 1899400)

_____


Calendar Date:  March 21, 2016

Before:  McCarthy, J.P., Garry, Egan Jr. and Clark, JJ.


_____


        Monica A. Duffy, Committee on Professional Standards,
Albany (Michael K. Creaser of counsel), for petitioner.

        Gary Greenwald & Partners, P.C., Chester (Gary Greenwald of
counsel), for respondent.


_____


Per Curiam.

        In 2012, respondent was convicted, upon his plea of guilty,
of two felony counts of aggravated harassment in the second
degree as a hate crime (see generally People v Hennessey, 111
AD3d 1166 [2013]).  Upon said conviction, respondent was
automatically disbarred from the practice of law (see Judiciary
Law § 90 [4] [a], [e]; Matter of Barash, 20 NY2d 154, 157
[1967]).  This Court's subsequent acceptance of respondent's

resignation from practice (95 AD3d 1501 [2012]) was therefore superfluous (see Matter of Sanderson, 119 AD3d 1318, 1318 [2014]), but the order nonetheless accomplished the formality of striking respondent's name from the roll of attorneys (see Judiciary Law § 90 [4] [b]).

In December 2014, respondent's criminal convictions were vacated by Albany County Court (Herrick, J.) on the sole basis that the underlying crimes were held to be unconstitutional by the Court of Appeals in an unrelated case (see People v Golb, 23 NY3d 455, 466-468 [2014]). Respondent thereafter moved for reinstatement to the practice of law. Petitioner opposed the application on the basis that the criminal proceedings and disbarment had forestalled any earlier investigation and that such was necessary given that respondent's guilty plea had not been vacated, nor was he acquitted of the factual allegations underlying the criminal proceedings. By June 29, 2015 confidential order, this Court thereafter directed petitioner "to expeditiously commence an investigation pursuant to Rules of the Appellate Division (22 NYCRR) § 806.4 and determine whether a proceeding pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) §§ 806.5 and/or 806.10 is warranted" (see generally Matter of Barash, 20 NY2d at 158-159). This Court further directed that respondent's application for reinstatement be held in abeyance pending the resolution of any proceeding commenced by petitioner concerning respondent.

Subsequently, petitioner undertook its investigation, conducted an examination of respondent at its offices and authorized, among other things, commencement of a proceeding pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) § 806.5. Petitioner thereafter filed a petition of charges, dated January 19, 2016, alleging that respondent engaged in conduct adversely reflecting on his fitness as a lawyer, deceptive conduct and conduct prejudicial to the administration of justice. In lieu of filing an answer, respondent now moves to dismiss the petition of charges on the basis of insufficiency and for reinstatement. Petitioner opposes this motion and cross-

moves to unseal respondent's criminal record.[1]

Respondent's motion to dismiss is founded primarily on his claim that the petition of charges is impermissibly based upon information and statements obtained from respondent's "now sealed criminal case." However, as this Court indicated in its June 2015 order directing commencement of the subject investigation, CPL 160.50 (1) (c) permits review of the record on appeal previously submitted to this Court in conjunction with People v Hennessey (supra). Accordingly, we find no basis to grant respondent's pre-answer motion to dismiss the petition of charges. Moreover, given the availability of respondent's appellate record for petitioner's inspection, "an order unsealing the records is unnecessary" (Matter of Keeffe, 76 AD2d 416, 418 [1980]). Consequently, we further deny, as unnecessary, petitioner's cross motion to order the formal unsealing of the records sealed by County Court pursuant to CPL 160.50.

McCarthy, J.P., Garry, Egan Jr. and Clark, JJ., concur.


ORDERED that respondent's motion is denied; and it is further

ORDERED that petitioner's cross motion is denied, as unnecessary.

ORDERED that respondent is permitted to serve an answer to the January 19, 2016 petition of charges within 20 days of the date of this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1] Prior to oral argument on the cross motions, respondent submitted a written waiver of confidentiality.