Matter of West (2019 NY Slip Op 05311)





Matter of West


2019 NY Slip Op 05311


Decided on June 28, 2019


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ. (Filed June 28, 2019.)


&em;

[*1]MATTER OF JOHN R. WEST, FOR REINSTATEMENT TO THE PRACTICE OF LAW IN THE STATE OF NEW YORK.



OPINION AND ORDER
Order entered granting application for reinstatement.
Per Curiam
Opinion: John R. West was admitted to the practice of law by this Court on February 15, 1996, as John Robert West. On September 12, 2007, this Court entered an order striking West's name from the roll of attorneys upon his conviction of a felony. In 2014, West applied to this Court for reinstatement to the practice of law and, by order entered August 20, 2015, the Court denied the application and granted him leave to renew his application after two years and upon a showing that he had completed 24 hours of continuing legal education. West thereafter filed the instant application for reinstatement and, by order entered March 13, 2018, this Court referred the matter to the Committee on Character and Fitness for the Seventh Judicial District for a hearing, report, and recommendation regarding whether West currently possesses the character and fitness to practice law. The Committee on Character and Fitness held a hearing and, on March 1, 2019, filed a report finding that West possesses the requisite character and fitness to practice law and recommending that the Court grant his application for reinstatement. On May 21, 2019, West and counsel to the Grievance Committee of the Seventh Judicial District appeared before this Court, at which time they were heard with respect to the instant application and the report of the Committee on Character and Fitness.
Judiciary Law § 90 (4) (b) provides that, upon receipt of proof that an attorney has been convicted of a felony under the laws of New York, this Court shall enter an order striking the attorney's name from the roll of attorneys. Inasmuch as an attorney convicted of a felony ceases to be an attorney at the time of the conviction (see § 90 [4] [a]), such an order entered pursuant to Judiciary Law § 90 (4) (b) is "merely the recording of the fact that had already occurred" (Matter of Barash, 20 NY2d 154, 157 [1967]).
A disbarred attorney may apply for reinstatement to the practice of law after the expiration of seven years from the effective date of disbarment and upon a showing, by clear and convincing evidence, that the applicant has complied with the order of disbarment and the rules of the Appellate Division governing the conduct of disbarred attorneys, that the applicant currently possesses the requisite character and fitness to practice law, and that it would be in the public interest to reinstate the applicant to the practice of law (see Judiciary Law § 90 [5] [b]; 22 NYCRR 1240.16 [a], [c] [1]; see e.g. Matter of Canale, 162 AD3d 1455, 1456-1457 [3d Dept 2018]; Matter of Rovner, 113 AD3d 865, 865 [2d Dept 2014]).
In this case, West was disbarred in 2007 upon his conviction of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]). Because the prior order of this Court striking West's name from the roll of attorneys was entered upon his conviction of a felony, the Court did not consider, prior to entry of the order, the circumstances underlying the conviction. In support of the instant application for reinstatement, West submits that the conduct underlying the conviction occurred at a time when he was experiencing extreme stress, which was attributable to personal tragedy and the serious health problems of a family member. Although the Grievance Committee contends that the evidence of those underlying circumstances is inadmissible and irrelevant to West's application for reinstatement, we disagree. The Committee on Character and Fitness, after considering those circumstances, determined that West's criminal conduct was an aberration in an otherwise unblemished legal career and was attributable to a mental health condition for which he successfully sought treatment. The Committee on Character and Fitness additionally found that, following the conviction, West has been gainfully employed with a local business and has engaged in meaningful community volunteer work.
We confirm the findings of the Committee on Character and Fitness and conclude that West has established, by clear and convincing evidence, the factors set forth in the Appellate [*2]Division rule governing applications for reinstatement filed by disbarred attorneys, including that he currently possesses the character and fitness to practice law (see 22 NYCRR 1240.16 [a]). Accordingly, we grant West's application and reinstate him to the practice of law.