Matter of Don (2024 NY Slip Op 00303)

Matter of Don

2024 NY Slip Op 00303

Decided on January 24, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD, JJ.

2022-06482

[*1]In the Matter of Michael D. Don, admitted as Michael David Don, a disbarred attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Michael D. Don, respondent. (Attorney Registration No. 2936094)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 10, 1999.

Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On May 22, 2023, the Grievance Committee for the
Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice of petition and a verified petition, both dated May 18, 2023, and duly filed those papers with this Court together with an affidavit of service. The petition contains one charge of professional misconduct, which alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, in violation of rule 8.4(b) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The notice of petition directed the respondent to file his answer to the petition, together with proof of service of the answer upon the Grievance Committee, within 20 days after service upon him of the petition, and the time to file his answer was extended to June 28, 2023, by stipulation. To date, the respondent has neither served nor filed an answer to the petition as directed.
The Grievance Committee now moves to deem the charge against the respondent established and to impose such discipline upon him as this Court deems appropriate based upon his default in filing an answer to the petition. Although the motion papers were served upon the respondent on August 31, 2023, he has neither opposed this motion nor interposed any response thereto.
By separate motion, without opposition, the Grievance Committee moved to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), based upon his conviction of a felony on September 14, 2021. On September 1, 2022, the respondent's plea of guilty was vacated, and the sole charge on the superior court information was dismissed and sealed.
Pursuant to Judiciary Law § 90(4)(a), the respondent was automatically disbarred and ceased to be an attorney upon his conviction of a felony on September 14, 2021. Although the vacatur of a conviction may not entitle the attorney to automatic reinstatement, the attorney is, [*2]"nevertheless, entitled either to prompt reinstatement on his application or to the institution of proceedings to preclude him from reinstatement on the basis of charges and proof sufficient to debar him" (Matter of Barash , 20 NY2d 154, 156). By decision and order on motion dated January 31, 2023, the Grievance Committee's motion to strike was held in abeyance, and the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent.
Accordingly, the Grievance Committee's motion to deem the charge in the petition dated May 18, 2023, established is granted, the charge in the petition is deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The Grievance Committee's separate motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is denied as academic.
LASALLE, P.J., DILLON, CONNOLLY, BRATHWAITE NELSON and FORD, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charge in the petition dated May 18, 2023, established is granted, and the Grievance Committee's separate motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), based on his conviction of a felony is denied as academic; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael D. Don, admitted as Michael David Don, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Michael D. Don, admitted as Michael David Don, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Michael D. Don,
admitted as Michael David Don, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Michael D. Don, admitted as Michael David Don, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Acting Clerk of the Court